## MRS. E. A. HALLS v. J. A. CARTWRIGHT.

Married persons may reciprocally claim a separation and divorce on account of habitual intemperance, excesses, cruel treatment, or outrages of one of them towards the other, if such intemperance or such ill treatment is of such a nature as to render their living together insupportable; but where there is a condonation or reconciliation after the offence, it waives the right to claim a divorce.

*Per Curiam:*—Public policy, good morals, the highest interests of society require that the marriage relations should be surrounded with every safeguard, and their severance allowed only for the causes specified by the law, and clearly proven.

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. *J. H. Van Dalson*, for plaintiff. *H. B. Eggleston*, for defendant and appellant.

HOWELL, J. This is a suit for a separation from bed and board and divorce, on account of alleged excesses, cruel treatment, habitual drunkenness, and failure to provide for the support of plaintiff and her child.

The defendant reconvened, charging the plaintiff with many improprieties, defamation, bad temper, etc., and prayed for a judgment of separation in his favor.

There was judgment for plaintiff, and defendant appealed.

The evidence in the record presents much that is unfavorable to both parties in their conjugal relations, but which furnishes no ground in law for dissolving the marriage tie. Some facts are shown, which might authorize a judgment in favor of plaintiff, had not a reconciliation resulted, and no sufficient legal cause of separation is shown to have occurred since the reconciliation. C. C. 149. 6 R. 135.

An effort was made to establish the habit of drunkenness, in which, however, we think, plaintiff has failed.

The act of 1855, relative to divorce (p. 376), provides that no divorce shall be granted except for the causes therein named, and declares that "married persons may reciprocally claim a separation and divorce on account of habitual intemperance, excesses, cruel treatment, or outrages of one of them towards the other, *if such intemperance, or such ill treatment is of such a nature as to render their living together insupportable.*"

The intemperance charged to defendant is not shown to be habitual and of such a character as to render it insupportable to plaintiff. There is no justification for his offence in this respect, but *occasional* drunkenness is not made a cause of separation.

The only ground of complaint, urged by plaintiff in her letter to defendant, on the day she left him, is, "not trying to take care of his wife and child;" which is certainly a dereliction of duty; but in this instance, *if in any*, it is not such ill treatment as to warrant the interference of a court of justice. There is evidence that he attempted to get employment, and when he succeeded he gave his wife some of his earnings.

We think it the duty of the Courts of the State to enforce the laws on the subject of divorce with as much strictness as on any other subject. Public policy, good morals, the highest interests of society require that the marriage relations should be surrounded with every safeguard, and their severance allowed only for the causes specified by the law, and clearly proven.

The defendant has exposed some improprieties on the part of his wife, but has not established a right to a judgment on his reconventional demand.

Both parties must be dismissed from Court, and left to an amendment of their conduct.

It is therefore ordered that the judgment of the lower Court be reversed, and the demands of both parties dismissed; the costs of the main action in the lower Court to be paid by plaintiff; those of the reconventional demand to be paid by the defendant, and those of appeal by the plaintiff and appellee.