# THORMANN *v.* FRAME.

## ERROR TO THE CIRCUIT COURT OF THE COUNTY OF WAUKESHA STATE OF WISCONSIN.

No. 341. Submitted January 22, 1900. — Decided February 26, 1900.

The bare appointment of an executor or administrator of a deceased person by the courts of one State cannot be held, on principle or authority, to foreclose inquiry as to the domicil of the deceased in the courts of another State.

The general rule is that administration may be granted in any State or Territory where unadministered personal property of a deceased person is found, or real property subject to the claim of any creditor of the deceased.

The constitutional provision that full faith and credit shall be given in each State to the judicial proceedings in other States, does not preclude inquiry into the jurisdiction of the court, in which the judgment is rendered, over the subject-matter or the parties affected by it, or into the facts necessary to give such jurisdiction.

JOSEPH Fabacher died March 3, 1897, in the city of New Orleans, leaving a last will and testament dated October 29, 1896, in which he described himself as of Waukesha, Wisconsin, where the will was executed and where he had a residence and a considerable amount of personal property. His widow and ten of his children were named as legatees and devisees. On March 27, 1897, A. J. Frame, appointed executor, presented the will for probate in the county court of Waukesha County, Wisconsin, alleging that it had been duly executed under the laws of Wisconsin, and that Joseph Fabacher was at the time of his decease " an inhabitant of the said county of Waukesha." Publication of the application was made according to law and the matter set for hearing May 4, 1897. On that day Antoinette Thormann, daughter of Fabacher by a prior marriage, appeared and objected to the admission of the instrument to probate, alleging herself to be, under the law of Louisiana, the sole heir of the deceased, and also setting forth matters, which, it was contended, would by the law of that State disqualify the beneficiaries named in the will from taking under it, and averring, as to Joseph Fabacher, that " continuously ever since 1843 up to and at the time of his death he, the said deceased, was domiciliated in the city of New Orleans, in the State of Louisiana, and an inhabitant and resident thereof, and that this court has no jurisdiction in the probate of said alleged last will and testament and in the settlement and distribution of said estate of said deceased." She further charged that any attempt on the part of Fabacher to acquire or create a domicil at Waukesha was in fraud of her rights; that the will was procured by undue influence; and that it was not duly executed in the manner and form required by law. It was conceded that Fabacher's adult children resided in New Orleans, but insisted that the domicil of the minor children was in Wisconsin, and a guardian *ad litem* was appointed as to them. Trial was had in the county court, which held the will in all respects valid; that at the time of his death and some time prior thereto, Joseph Fabacher was domiciled in the county of Waukesha, State of Wisconsin; and that the will was entitled to probate.

The case was then carried to the Circuit Court of Waukesha

County and there tried before a jury, who returned a verdict sustaining the will and finding the domicil of Joseph Fabacher at the time of his death, March 3, 1897, to have been at the city of Waukesha, whereupon the circuit court made findings of fact and conclusions of law and entered judgment admitting the will to probate and affirming the judgment to that effect of the county court. A large amount of testimony was introduced on these trials, and among other things it appeared that on March 29, 1897, Antoinette Thormann petitioned the civil district court for the parish of Orleans, Louisiana, to be appointed administratrix of the succession of Joseph Fabacher, her father, asserting that he "was at the time of his death and many years before a citizen of Louisiana, domiciled and residing in the city of New Orleans; that said deceased left property in this city and within the jurisdiction of this honorable court," and "that your petitioner is the sole surviving heir and legitimate child of said deceased, issue of his marriage with petitioner's mother. . . .". Letters of administration were granted by the court April 30, 1897.

The inventory stated the property of deceased as "one marble tomb in lot situated in St. Joseph cemetery, # 2, bearing the inscription, 'Family of Joseph Fabacher;' also two (2) galvanized iron sofas and five (5) vases, valued by said appraisers at the sum of thirty-five hundred dollars ($3500)." An attempt was made to inventory some household effects, which, however, were claimed as the property of one of the sons.

From the judgment of the Circuit Court of Waukesha County an appeal was taken to the Supreme Court of Wisconsin, the judgment affirmed, and the record remanded to the Circuit Court. 102 Wisconsin, 653. A writ of error having been sued out from this court, motions to dismiss or affirm were submitted.

*Mr. T. E. Ryan,* *Mr. Charles F. Buck* and *Mr. D. S. Tullar* for the motion.

*Mr. William A. Maury* and *Mr. E. Howard McCaleb* opposing.

MR. CHIEF JUSTICE FULLER, after making the above statement of the case, delivered the opinion of the court.

The contention is that the issuing of letters of administra- tion to Mrs. Thormann by the civil district court of the parish of Orleans was an adjudication that Fabacher was domiciled in that parish at the time of his death; that Mrs. Thormann was sole surviving heir; that he died intestate; that this adju- dication was in all these respects conclusive against the world; and that the Wisconsin courts in admitting the will to probate did not give to the Louisiana proceedings that full faith and credit to which they were entitled under the Constitution and laws of the United States, and, therefore, denied a right secured thereby.

But it is objected that no such right, was specially set up or claimed in the county and circuit courts, and this would appear to have been so. The Louisiana record was not pleaded, and seems to have been offered and admitted in evidence as tending to throw light on the question of domicil, and not as concluding it. Mrs. Thormann contested that question on the merits, and also denied the validity of the will in respect of its execution, and because of undue influence. As the Supreme Court was reviewing the decision below for errors committed there, it would ordinarily follow that error could not be predicated on the deprivation of a right which had not been asserted, and perhaps might properly be held to have been waived.

However, while we think that on this record there was color for the motion to dismiss, we shall decline to sustain that mo- tion inasmuch as the Supreme Court in its opinion considered the particular question here presented, but will dispose of the case on the motion to affirm as the ruling of that court, so far as open to our examination, is so obviously correct, under the circumstances, that further argument is unnecessary.

The question before us is whether the Supreme Court de- prived Mrs. Thormann of a right secured to her by the Con- stitution and laws of the United States in holding that her appointment as administratrix of the succession of Joseph

Fabacher was not a conclusive adjudication that Fabacher's domicil was at the time of his death in the parish of Orleans, Louisiana. The court said : " The record of the Louisiana court in evidence merely shows that the contestant was, after appropriate proceedings, appointed administratrix of the succession of the deceased, and that the inventory of the estate there presented consisted of the tomb, etc. There was no attempt in that court to adjudicate as to the property situated in Wisconsin nor as to the domicil of the deceased. That court, it may be conceded, had jurisdiction as to any tangible property actually located in the State. . . . Certainly there was no adjudication in the Louisiana court which precluded the county court of Waukesha County from taking jurisdiction and admitting the will to probate and administering so much of the estate as was actually located in Wisconsin, and this includes the bonds, mortgages and evidences of debt deposited in the Waukesha bank with the president thereof, who is executor of the will."

Fabacher's property in Wisconsin consisted of movables and immovables. His will was executed in that State in accordance with its laws, and was open to no objection for want of testamentary capacity. But Mrs. Thormann resisted the probate on the ground that the will was invalid by the law of Louisiana, and that that law must be applied in Wisconsin, because Louisiana was, and Wisconsin was not, the domicil of the deceased. We need not go into the rules and their exceptions governing such cases, for the issue as to Fabacher's domicil, raised by Mrs. Thormann in the Wisconsin proceedings to which she made herself a party, was regularly tried at large and determined against her. Nevertheless she contended in the state Supreme Court that the judgment below was erroneous as matter of law, because the question of domicil had been absolutely concluded by her appointment in Louisiana.

Yet the proceeding in Louisiana, instituted, it may be remarked, after the will was presented for probate in Wisconsin, amounted to no more than an *ex parte* application for letters of administration and a grant thereof. Doubtless the desti-

nation of the tomb and accompanying seats and vases was thereby fixed, but not that of property in Wisconsin; nor can the bare appointment be held, on principle or authority, to foreclose inquiry into the fact of domicil in the courts of another sovereignty.

The technical distinction between an original and an ancillary administration is unimportant here.

Whatever the effect of the appointment, it must be as a judgment and operate by way of estoppel. Now a judgment *in rem* binds only the property within the control of the court which rendered it; and a judgment *in personam* binds only the parties to that judgment and those in privity with them. This appointment cannot be treated as a judgment *in personam*, and as a judgment *in rem* it merely determined the right to administer the property within the jurisdiction, whether considered as directly operating on the particular things seized, or the general status of assets there situated.

In this country the general rule is, "that administration may be granted in any State or Territory where unadministered personal property of a deceased person is found, or real property subject to the claim of any creditor of the deceased." 1 Woerner on Administration, (2d ed.) § 204.

As to successions, the law of Louisiana provides as follows (Code of Practice, 1899):

"Art. 929. The place of the opening of successions is fixed as follows:

"In the parish where the deceased resided, if he had a domicil or fixed place of residence in this State.

"In the parish where the deceased owned immovable property, if he had neither domicil or residence in this State, or in the parish in which it appears by the inventory, his principal effects are, . . . if he have effects in different parishes.

"In the parish in which the deceased has died, if he had no fixed residence, nor any immovable effects within this State, at the time of his death."

The order of appointment by the Louisiana court did not make, nor did the letters themselves recite, any finding as to Fabacher's last domicil, and as he died in the parish of

Orleans, and owned, as contended, immovable property, and effects, there, such a finding was wholly unnecessary to jurisdiction, and is not to be presumed.

In *De Mora* v. *Concha*, 29 Ch. Div. 268, it was held that the decree of a probate court was not conclusive *in rem* as to domicil, although the fact was found therein, because it did not appear that the decree was necessarily based on that finding; and it was doubted whether the findings on which judgments *in rem* are based are in all cases conclusive against the world. The decision was affirmed in the House of Lords. 11 App. Cas. 541. The case is a leading and instructive one, was ably argued, and has been repeatedly followed since the judgment was pronounced.

In *Brigham* v. *Fayerweather*, 140 Mass. 411, conclusive effect to judgments in probate proceedings in respect of their grounds was denied altogether.

Again, it is thoroughly settled that the constitutional provision that full faith and credit shall be given in each State to the judicial proceedings of other States, does not preclude inquiry into the jurisdiction of the court in which the judgment is rendered, over the subject-matter, or the parties affected by it, or into the facts necessary to give such jurisdiction. *Thompson* v. *Whitman*, 18 Wall. 457; *Cole* v. *Cunningham*, 133 U. S. 107; *Grover and Baker Sewing Machine Co.* v. *Radcliffe*, 137 U. S. 287; *Simmons* v. *Saul*, 138 U. S. 439; *Reynolds* v. *Stockton*, 140 U. S. 254; *Cooper* v. *Newell*, 173 U. S. 555.

The point before us is a narrow one, but in any aspect in which it may be considered we are unable to assent to the view that the Supreme Court of Wisconsin was bound to treat the proceeding in Louisiana as conclusively determining the question of domicil; and unless it was so bound its decision deprived plaintiff in error of no right secured to her by the Constitution and laws of the United States.

*Judgment affirmed.*