PROVOSTY, J.
Plaintiff _ alleges that she and defendant married in 1889, in New Orleans, where both of them then resided, and have continued ever since to reside; that, although she had at all times conducted herself as a good and faithful wife, the defendant deserted her in the summer of 1897 and went to Galveston, Tex., for the purpose of securing a divorce from her, and that he did in November of the same year obtain from the district court of Galveston, Tex., a judgment of divorce from her; that *682 said judgment was thus obtained on the allegation made by defendant in the petition in which he applied for said divorce that he was an actual and bona fide inhabitant of Texas, and had there resided for the six months next preceding his application for said divorce; that said allegation was false and fraudulent, as the defendant well knew when he made same; that said judgment was and is an absolute nullity, of no force or effect whatever, because her said husband never resided in Texas, never acquired a domicile there, and she herself never was in Texas, so that the said Texas court was without jurisdiction to render said judgment; that she declined to accept, or 'waive, service of process in said divorce proceedings, although repeatedly requested to do so; that after he had secured said judgment of divorce, plaintiff’s said husband returned to- New Orleans, and falsely and fraudulently represented to petitioner that he was no longer her husband, and proceeded to marry another woman; that he has been living with said other woman ever since as her husband, thereby committing adultery; that being without means of livelihood and erroneously believing said judgment of divorce to be valid, and acting upon the false and fraudulent representation of her said husband that it was valid, petitioner contracted marriage with another man, but that petitioner’s said second husband has since died; that two children were born of her marriage with defendant, and that these children are still minors, and she is entitled to have the care and custody of them; that the community of acquéts and gains has continued to exist between her and defendant, and that as partner in community she is the owner of one-half of the property acquired by defendant since said pretended judgment of divorce; that because of the said adultery of defendant she is entitled to a divorce.
The prayer of the petition is for a divorce and for the care and custody of the children and for a settlement of the community of acquits and gains.
By way of exception, the defendant pleaded: (1) Res judicata; (2) estoppel by record; (3) estoppel by conduct; (4) equitable estoppel; (5) prescriptions of one, two, three, five, and ten years; (6) lis pendens; (7) no cause of action; (8) inconsistency; (9) vagueness ; (10) absence of jurisdiction in the court to pass upon the validity of the decree of the Texas court, which is entitled to full faith and credit; (11) that said Texas judgment cannot be assailed collaterally, but only in a direct action.
On the trial of these exceptions' the defendant offered in evidence, in support of the plea of res judicata, a complete transcript of the record of the divorce proceedings in the Texas court, consisting of the petition, the citation addressed to “Mrs. Lena Dauernheim, 136 Bordeaux street, New Orleans, Louisiana,” and the return of the sheriff of Orleans parish showing service of same on Mrs. Lena Dauernheim in person, and the judgment of the court. In support of the pleas of estoppel, the defendant offered in evidence the record of two suits, which subsequently to the judgment of divorce, the present plaintiff brought against the present defendant in the district court of the parish of Orleans in which she set up the said judgment of divorce as having awarded to her the care and custody of her two children, and demanded alimony from defendant for the support of the said children.
Plaintiff objected to the admission in evidence of the Texas court divorce proceedings on the grounds:
“First. That on their face the said papers show that they are not a true and complete transcript of the entire proceedings, as required by the laws of Louisiana.
“Second. That there is contained in said transcript no signed judgment, signed by the judge of said court, or purporting to be signed by the judge of said court.
*684 “Third. That the Galveston county court, in which said proceedings purport to have been conducted, was without jurisdiction of the matter, and that the whole proceedings taken in connection with the allegation contained in the petition filed of record in this case show same to have been obtained by fraud on the part of the defendant in this action, and are absolutely null and void.”
The court overruled these objections, as going to the effect, and not to the admissibility of the evidence.
This ruling was correct. No objection is made to the papers as not being duly authenticated. Such as they are, therefore, they must be received. What may be their value as evidence is another thing.
Passing to the discussion of the pleas, we can dispose in a very few words of most of them. That of prescription, and that denying that the judgment of a Texas court can be annulled by a Louisiana court, are founded upon the erroneous assumption that the present suit is one in nullity of judgment. Such is not its character. It is simply an ordinary divorce suit, with a prayer for custody of the children of the marriage and settlement of the property rights. All allusion to the Texas judgment might have been left out of the petition. But what is there said of it is simply that it is null and void and of no effect; or, in other words, that it is legally nonexistent.
The pleas of vagueness, inconsistency, and lis pendens have not been pressed. We find no vagueness in the petition, and do not see upon what the pleas of inconsistency and lis pendens could be founded.
The plea of estoppel cannot avail, as against the demand for a divorce. The marriage status of the parties is a matter of public interest. Parties can neither dissolve their marriage by consent, nor make it indissoluble or perpetual by consent. If one of them have a cause for divorce, the state has an interest in having the divorce pronounced. The state has an interest that the plaintiff in the present case be not kept in the anomalous position of a married womán who cannot apply to the court for a divorce although her husband is living with another woman. If plaintiff have good ground for divorce and be desirous of remarrying, the state has an interest in her being divorced and allowed to remarry.
Directly sustaining that view is Rundle v. Van Inwegan, 9 Civ. Proc. R. (N. Y.) 328. See, also, in the same sense, Comstock v. Adams, 23 Kan. 513, 33 Am. Rep. 191; Bomsta v. Johnson, 38 Minn. 230, 36 N. W. 341; Allen v. Maclellan, 12 Pa. 328, 51 Am. Dec. 608. That equitable considerations such as would ordinarily sustain an estoppel cannot be allowed to override motives of public policy, see Ackerman v. Larner, 116 La. 101, 40 South. 581.
The state has not the same interest, however, in the mere property rights of the plaintiff; and, therefore, whether the estoppel may not avail as against the action of plaintiff for a settlement of community is another question. If the allegations of fact in plaintiff’s petition be true, however — and they have to be accepted as such for the purposes of the trial of this plea — there cannot be any ground for estoppel; for the allegation is that, in following the line of conduct upon which the estoppel is sought to be founded, plaintiff did so in error, and that said error was superinduced by the false and fraudulent representation of the defendant. If this be true, the defendant is in no position to invoke the estoppel against plaintiff.
Coming to the plea of res judicata: When, on the trial of this plea, the judgment upon which it is based was offered in evidence, plaintiff was placed under the necessity of making good the allegations of fact upon which she relies for impugning the validity of said judgment. She offered no evidence; thereby leaving the situation to be governed by legal presumptions. The legal presump *686 tion is that the judgment is valid, and that its recitals are true. 23 Cyc. 1084, 1085; 11 Cyc. 691; 17 A. & E. E. 1073.
The objection that the judgment is unsigned has no merit. Non constat that judgments need be signed in Texas. The judgment comes to us duly certified as a judgment of a Texas court of record. In the absence of proof that a signature was necessary, we must accept the said judgment as being in due form.
The objection that the papers offered as a copy of the record of the proceedings wherein the judgment was rendered are not a complete transcript contradicts the certificate attached to the papers, which is to the effect that the papers are a complete and correct transcript of all the proceedings in the case.
Judgment affirmed.