GURLEY *et al v.* GORMAN.*

(Division A.   Dec. 15, 1924.)

[102 So. 65.   No. 24381.]

HUSBAND AND WIFE.   *Settlement constituting part of collusive agreement for divorce held void.*

Property settlement constituting part of a collusive agreement between husband and wife for divorce *held* void because repugnant to public policy.

---

*Headnotes 1. Husband and Wife, 30 C. J., section 835 (1926 Anno.);
2. Divorce, 19 C. J., section 787.

APPEAL from chancery court of Alcorn county.

HON. ALLEN COX, Chancellor.

Suit by Mrs. Pearl Gorman against C. B. Gurley, executor, and others. Decree for plaintiff, and defendants appeal. Affirmed.

*B. F. Worsham,* for appellants.

There were three and only three questions presented by this record to the court below, and they were: (1) Whether or not the contract was broad enough to exclude the right of inheritance; (2) whether or not the contract was void on account of the consideration not being adequate, and because of the confidential relationship between them as husband and wife; and (3) whether or not the agreement between these parties who were husband and wife was a collusive agreement, for the purpose of getting a divorce.

As to the first proposition, the court below held that the contract was broad enough to take all of appellee's rights which she had acquired by virtue of being his wife. And as to the second proposition, the court below was bound to conclude, as he did, that the relationship between the parties at the time of making the agreement was not the ordinary confidential relationship, but that on account of previous differences between them, they were dealing with each other at arm's length. She knew her rights, she knew as much about him and his affairs at the time of the making of the agreement as she did at the time of his death, or does know; no intimation that any threats of any sort were used in getting her to sign the agreement; no intimation in the record anywhere that any fraud of any sort was practiced on her, or attempted; on the other hand Judge LAMB required Gorman to come to his office with her so that he might know, be absolutely certain, that she under-

stood what she was doing, and that he might be certain that he knew the terms of the agreement between them; the question of whether or not she would be required to get a divorce, or be required to allow him to get a divorce without a contest, did not in the least way enter into the agreement, was no part of it, and was not considered by the parties in arriving at an agreement; she had consulted and retained counsel, and had evidently gotten his advice as to her rights; and we fail to see on what testimony the court below could have gotten the idea that the agreement was a result of collusion between the parties for the purpose of obtaining a divorce. *Wyatt* v. *Wyatt,* 81 Miss. 229.

*W. C. Sweat,* for appellee.

The contention of the appellee is that the agreement, attempted to be set up as a bar to the wife's renunciation of the will, is inadmissible and should have been excluded on the appellee's objection. The alleged release does not prevent the appellee from renouncing the will, and taking her legal share of the estate for the following reasons: First: The alleged release is void because it is clearly shown from all of the evidence that it was executed in furtherance of an alleged agreement entered into for the purpose of facilitating the procuring of a divorce, and is therefore, void as being contrary to law and to the public policy of the state. Second: The alleged agreement cannot operate as contended for by appellant because it does not clearly show that it was the purpose of the agreement to exclude the appellee from inheritance; and before she can be so excluded the agreement must clearly show that it is the intention to so exclude her. It is the universal rule of law that any agreement that is entered into by husband and wife, looking towards the procurement of a divorce by either of them from the other, or which is in any manner

intended to facilitate the procurement of a divorce by either of them from the other is void absolutely. "A husband and wife cannot enter into a lawful agreement for a divorce, and the courts unhesitatingly declare illegal as contrary to public policy any contract intended to facilitate or promote the procurement of a divorce." 9 R. C. L., par. 13 p. 254, and authorities there cited; *Palmer* v. *Palmer,* 26 Utah 31, 99 Am. St. Rep. 820.

There is no doubt about what the public policy of this state is on the subject, as expressed in the Code chapter on divorce and alimony, and especially as is shown in section 1676, Code of 1906 (section 1418, Hemingway's Code), wherein it is provided that the bill must be accompanied by an affidavit of complainant that it is not filed by collusion with the defendant for the purpose of obtaining a divorce. It is further provided that the bill is not to be taken as confessed, nor the admissions made in the answer to be taken as evidence. This clearly shows that it was the intent of the legislature that no divorce should be granted, except on positive proof of the grounds relied upon, and that no divorce would be granted where there is any collusion between the parties to facilitated its procument. It necessarily follows that any contract or agreement that has for its purpose the circumventing in any manner of this statute would be void. For that reason, the contract here is clearly void.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a decree sustaining the right of the widow, Mrs. Pearl Gorman, to renounce the will of her deceased husband, John Gorman, and to take her legal share of his estate; the other heirs at law contesting the right to renounce the will, on the ground that the deceased while living had fully settled with his wife for her share in his estate.

James Gorman died, leaving an estate valued at about five thousand dollars; and he left surviving him two children by a former marriage, and the appellee, his wife. He left a will, giving the bulk of his estate to his son, and bequeathing only five dollars to his wife. Mrs. Gorman renounced the will, and asked that she be allowed to take her legal share of one-third of the estate. The executor and the son answered, and denied her right to take her legal share of the estate because she had signed a release to all of her interest in the estate for the consideration of three hundred and thirty dollars before the death of her husband.

This settlement, as evidenced by the written release, appears from the record to have come about in this way: James Gorman and his wife had not been living in harmony, and they went together to the office of a lawyer and there discussed the differences between themselves and a settlement thereof.

At this conference, which was attended only by Mr. Gorman, his wife, and the lawyer, it was agreed that Mr. Gorman should pay his wife three hundred and thirty dollars in settlement of any claim that she might have against his estate, and that Mrs. Gorman would file a bill for divorce, and Mr. Gorman agreed that he would not contest the divorce suit. After the money was paid over to her and the written release signed by her, the lawyer proceeded to prepare and file the bill for divorce, and the parties then left the office. Afterwards it seems that the bill was dismissed and a new suit for alimony instituted by the wife, whereupon Mr. Gorman answered with a cross-bill seeking a divorce from her and pleading his release for the sum of three hundred and thirty dollars. No divorce was granted.

We think the subsequent events regarding the separation and divorce proceedings between Mr. and Mrs. Gorman are immaterial for the purpose of deciding the question presented to us on this appeal, and therefore

we shall not state these proceedings or the outcome thereof.

After hearing all the testimony, the chancellor decided that the release was invalid, for the reason that the settlement and release was the result of a collusive agreement between the husband and wife for the purpose of promoting or facilitating the procurement of a divorce, which collusion was contrary to public policy and vitiated the settlement; and the renunciation of the will was allowed by the court and the wife permitted to take her share in the estate of the deceased husband.

The appellant contends the settlement made between the husband and wife as evidenced by the written release was valid because the proof was not sufficient to show that the settlement was the result of collusion between the husband and wife to secure a divorce; that the written release was not subject to contradiction by oral proof; and that the release was sufficiently broad in its terms to cover the present or any future interest the wife had or might have in the estate of the husband.

The appellee urges that the decree of the chancellor is correct on two grounds, viz.: First, the written release is not sufficiently definite to cover any future inheritable interest the wife might have in the estate of the husband; and, second, that, even though the release is sufficiently broad to cover the future interest of the wife in the estate of the husband, still the settlement evidenced by the written release is void because it was made upon and grew out of a collusive agreement between the husband and wife to procure a divorce.

We think the position of the appellant is untenable, and that of the appellee is sound. Because, if we concede the terms of the written release were broad enough to cover all future interest the wife might have in the estate of the deceased husband, still it is our opinion the release and settlement with the wife was invalid because it grew out of and was based upon the agreement or under-

standing between the husband and wife to secure a divorce.

The collusive understanding that the bill would be filed by the wife and the husband agreeing not to oppose it occurred at the time the release was given, and was part of the settlement transaction resulting in the payment of the money and the execution of the release by the wife. The illegal collusion between the parties tainted the contract of settlement, and this infection nullified the release, and oral testimony showing this legal infirmity, due to collusion, and contrary to the public policy of our state, was admissible to invalidate the written release, similarly as in a case where fraud is shown to vitiate a contract.

We have considered the evidence in the record showing that the settlement and release was induced by, and was a part of, the collusive agreement to secure the divorce, and we think it was sufficient to support the finding of fact by the chancellor that the settlement was the direct result of the collusion between the parties.

The rule seems to be well established in all other jurisdictions and we approve and adopt it, that collusion between husband and wife to obtain a divorce is illegal and contrary to public policy, and that any contract or agreement made by virtue of our in connection with such collusive agreement is unenforceable in the courts, and cannot be set up as a binding contract.

Therefore we hold that the decree of the chancellor in allowing the appellee to renounce the will and take her legal share in the estate was correct, because the settlement between the husband and wife was void for the reasons heretofore given. 9 R. C. L. pt. 13, p. 254; *Palmer* v. *Palmer,* 26 Utah, 31, 72 P. 3, 61 L. R. A. 641, 99 Am. St. Rep. 820.

*Affirmed.*