HOPKINS *v.* HOPKINS.

(Division B. Jan. 13, 1936.)

[165 So. 414. No. 31999.]

T. A. Clark, of Iuka, and Geo. T. & Chas. S. Mitchell, of Tupelo, for appellant.

Jas. A. Cunningham and Floyd W. Cunningham, both of Booneville, for appellee.

Argued orally by **Jas. A. Cunningham**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee filed her bill in the chancery court of Tishomingo county against appellant, her alleged husband, to recover alimony. The cause was heard on original bill, answer and proofs resulting in a decree awarding appellee alimony in a lump sum for two thousand seven hundred fifty dollars. From that decree, appellant prosecutes this appeal.

Appellant and appellee were married in Itawamba county in this state on January 18, 1925. They removed to Franklin county, Alabama, and resided there until about the 1st of September, 1933, when they removed to Tishomingo county in this state, where they resided when the bill in this case was filed. The bill was filed April 21, 1934. The appellee alleged therein that on March 2, 1934, through fraud and duress appellant took her to Franklin county in the state of Alabama and there had her file in the law and equity court of that county a bill for divorce, and that she be awarded the custody of their minor child; that neither appellee nor appellant, at the time, resided in Franklin county, Alabama, but were resident citizens of Tishomingo county in this state. The material allegations of the bill were denied by appellant.

The evidence for appellee, if true, established the allegations of her bill. It showed that appellant, through intimidation and fraud, took her to Franklin county, Alabama, and there by use of the same means forced her to obtain a divorce; that neither of them resided in the state of Alabama, but had their permanent residence in Tishomingo county in this state. The evidence was conflicting. The court believed that on behalf of appellee and found in its decree that the divorce in Alabama was obtained by fraud on the part of appellant, and that

neither of them resided in Alabama, but they both resided in this state. The evidence was ample to justify the finding of the court.

The divorce proceedings in Alabama, including the decree, were in every respect regular on their face. Appellant's main contention is that under section 1, article 4, of the Federal Constitution, the full faith and credit provision, the courts here had to accept them at their face value, that neither the question of whether the Alabama court had jurisdiction, nor whether the decree there was obtained by fraud could be inquired into.

Section 7415, Alabama Code of 1928, provides that: "Bill for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred; if the defendant is a nonresident, then in the circuit court of the county in which the other party to the marriage resides."

The full faith and credit provision of the Constitution applies to the records and proceedings of courts of other states only so far as they have jurisdiction. Whenever there is want of jurisdiction of either the subject-matter or the parties, the record is not entitled to credit. The constitutional provision does not preclude inquiry into the facts necessary to give jurisdiction to the court rendering the decree, Huntington v. Attrill, 146 U. S. 657, 685, 13 S. Ct. 224, 36 L. Ed. 1123; Thormann v. Frame, 176 U. S. 350, 356, 20 S. Ct. 446, 44 L. Ed. 500; Bell v. Bell, 181 U. S. 175, 21 S. Ct. 551, 45 L. Ed. 804; Streitwolf v. Streitwolf, 181 U. S. 179, 21 S. Ct. 553, 45 L. Ed. 807; Board of Public Works v. Columbia College, 17 Wall. 521, 528, 21 L. Ed. 687; Spokane, etc., R. v. Whitley, 237 U. S. 487, 35 S. Ct. 655, 59 L. Ed. 1060, L. R. A. 1915F, 736; Andrews v. Andrews, 188 U. S. 14, 37, 23 S. Ct. 237, 47 L. Ed. 366; International Life Ins. Co. v. Sherman, 262 U. S. 346, 43 S. Ct. 574, 67 L. Ed. 1018; Miller v. Miller (Miss.) 159 So. 112; Ratcliff v. Ratcliff, 209 Ala. 377, 96

So. 422, 423, nor does the constitutional provision prevent an inquiry into the question whether the judgment was founded upon duress and fraud, Cole v. Cunningham, 133 U. S. 107, 112, 10 S. Ct. 269, 33 L. Ed. 538; American Express Co. v. Mullins, 212 U. S. 311, 29 S. Ct. 381, 53 L. Ed. 525, 15 Ann. Cas. 536; Hilton v. Guyot, 159 U. S. 113, 206, 16 S. Ct. 139, 40 L. Ed. 95; Hanley v. Donoghue, 116 U. S. 1, 6 S. Ct. 242, 29 L. Ed. 535; State of Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 291, 8 S. Ct. 1370, 32 L. Ed. 239.

Appellant contends that appellee was estopped to attack the Alabama decree because it was at her instance and on her behalf that it was rendered. The truth, however, as found by the chancellor, is that appellant procured her to institute the proceedings through intimidation and fraud; in other words, it was his action, not hers.

There are three parties to a marriage contract—the parties marrying and society—so, the doctrine of estoppel concerns not only the parties to the marriage contract, but also the public. The contract cannot be dissolved either by agreement or by collusive proceedings in court. Gurley v. Gorman, 137 Miss. 210, 102 So. 65. Can appellant rely on estoppel when he, and he alone, is responsible for the facts that constitute the estoppel? We think not. An estoppel against an estoppel destroys each other. 10 R. C. L., section 146, p. 841; 21 C. J. 1110; Barringer v. Dauernheim, 127 La. 679, 53 So. 923. Lord Coke expressed it in this language: Two estoppels destroy each other, or "set the matter at large," note to 5 Ann. Cas. 845.

Appellant contends that the chancellor erred in awarding alimony in a lump sum. This question was involved in Miller v. Miller, supra. It was held in that case that the solution of the question whether or not an allowance of alimony in a gross sum should be made must be determined by the facts of the particular case and with due regard to the best interests of the parties as well as the husband's financial ability to respond. We do not

650

think there was any abuse of discretion by the chancellor in this respect.

Affirmed.