## In re GRINNAGE'S ESTATE.
### No. 7157.

United States Court of Appeals for the District of Columbia.

Argued Nov. 7, 1938.
Decided Dec. 27, 1938.

Felix A. Russell and Christopher Cannon, both of Washington, D. C., for appellant.

Before GRONER, C. J., and STEPHENS and EDGERTON, JJ.

PER CURIAM.

John Henry Grinnage died intestate in Stafford County, Virginia, on the 7th of August, 1936. Eight days later the Circuit Court of Stafford County, apparently without notice, appointed his brother Edward Grinnage, administrator of the estate. On the 14th of November of the same year Dora E. Grinnage, the widow, a resident of Washington City, filed her petition in the District Court of the United States for the District of Columbia, holding a probate court, for letters of administration. Her petition shows that decedent, a resident of the District of Columbia, died in Virginia, intestate and possessed of no real property and that his personal property consisted of $450 of adjusted service bonds, $21.75 adjusted service treasury check, and clothing and jewelry of the estimated value of $25. The petition sets out fully the names and addresses of the heirs at law other than the widow, and upon the return "not found" an order of publication issued under the appropriate District of Columbia statute. There was no appearance in opposition, but apparently the court of its own motion dismissed the petition, without stating the reasons therefor. This appeal followed.

Section 101, Title 29, D.C.Code 1929, provides:

696

"On the death of any person leaving real or personal estate in the District, letters of administration on his estate may be granted, on the application of any person interested, on proof satisfactory to the probate court, that the decedent died intestate."

 While the petition does not state in so many words that the bonus bonds and the Treasury check are in the District of Columbia, we think it is fairly averred that is the case. We held in Morgenthau v. Fidelity & Deposit Co. of Md., 68 App. D.C. 163, 94 F.2d 632, that a government check in the possession of the Treasurer of the United States, payable to a particular person, is for jurisdictional purposes personal property in the District of Columbia. Unless, therefore, the appointment of an administrator for the estate of the decedent at the place of death is exclusive, we can see no good reason why the petition of the widow of decedent at the home of decedent should not have been granted. In Virginia the Circuit Court of the County in which a person dies has jurisdiction to appoint an administrator. Secs. 5360, 5247, Va.Code 1936. The petition filed below shows the appointment of an administrator of decedent's estate by the Circuit Court of Stafford County, the place of death. We assume, therefore, that the Virginia Court had jurisdiction to make the appointment and to administer the res located there, but we are also of opinion that the appointment by the Virginia Court did not defeat the power of the District of Columbia Court to grant letters for the administration of property located in the District; and this is true because each sovereign jurisdiction has power to regulate the administration of decedents' property within its borders. Overby v. Gordon, 177 U.S. 214, 20 S.Ct. 603, 44 L.Ed. 741. The Virginia administrator has never applied for letters in the District of Columbia, nor does the appointment by the Virginia Court of an administrator imply a finding of domicile in Virginia. Thormann v. Frame, 176 U.S. 350, 20 S.Ct. 446, 44 L.Ed. 500. In Re Estate of Henry Coit, 3 App.D.C. 246, 251, we said that the administrator of a creditor of the Government appointed in the State of the domicile of the deceased had full authority to demand and receive payment and give a full discharge of a debt due the intestate at any place the Government might choose to pay it. Here it is alleged that decedent was at the time of death a resident of the District of Columbia. If at the hearing it should appear that there was no domicile in the District of Columbia but that domicile was in Virginia, the Coit Case would prevent the granting of letters based on the claim of the deceased to ownership of the bond and check in the possession of the Treasurer.

In the circumstances, we think the court below was in error in not hearing the petition on the merits. The order is therefore reversed and the cause remanded to the District Court with instructions to hear the evidence and, if it is shown that decedent was domiciled in the District of Columbia and had property belonging to him there, or without being a resident of the District of Columbia he had other property in the District, to grant the petition.

Reversed and remanded.