GARDNER *v.* GARDNER

No. 40846          October 6, 1958          105 So. 2d 453

*Cunningham & Cunningham,* Booneville, for appellant.

*Barnett, Jones & Montgomery,* Jackson, for appellee.

McGEHEE, C. J.

The original pleading in this case was a bill for divorce filed by the appellant, Steve L. Gardner, against the appellee, Mrs. Bonnie D. Gardner, in the Chancery Court of Tishomingo County. The appellee filed her answer and also a cross-bill in the cause. Shortly thereafter, the appellant withdrew his bill for divorce and filed an answer to Mrs. Gardner's cross-bill wherein she sought only support for separate maintenance and attorneys' fees, there being no question of custody of children involved since there were no children born of their marriage.

The appellant, in his answer to the cross-bill of the appellee, denied the right of the wife to separate maintenance and attorneys' fees; and he also set up in defense of her cross-bill the fact that she had signed and acknowledged a release in his favor of all of her rights to alimony and inheritance; but she contended in answer to this affirmative defense first that the alleged separation agreement became abrogated and was completely set aside and rendered null and void by Mr. Gardner's conduct in resuming the marital relation with her after she had signed the release, and without any divorce having been granted. Second, that the alleged alimony and property settlement was void because it showed on its face that it was made in contemplation of divorce, and that it was admitted that no divorce was ever granted. Third, that the alleged settlement was void and on no effect for

the additional reason that it was made for the purpose of promoting or facilitating the procurement of a divorce and constituted collusion, and that the agreement was, therefore, unenforceable. And, fourth, that the court committed no error in finding that the wife was entitled to separate maintenance and support and attorneys' fees.

We shall treat the second and third points made by the appellee as involving only one proposition, and, in so doing, we shall discuss the three answers which she makes to the affirmative defense set up by the appellant.

The proof discloses that the parties were married June 20, 1943, and according to the testimony on behalf of the appellee, they continued to live together until they separated on July 31, 1956. The alleged release and separation agreement was signed by the wife on April 10, 1956. Mrs. Gardner contends that it was signed in their home at Tishomingo and that she signed the same because her husband coerced her into doing so at the point of a pistol; but a lady employee at the bank testified that she signed the instrument in the bank at the time the lady acknowledged the same, and the notary public further testified that she did not observe anything unusual about the manner or condition of the appellee at the time she signed and acknowledged the alleged release. The appellant also denied that the appellee signed the release under force or duress.

The proof further discloses on behalf of the appellant that she and her husband had agreed to sell their home at Tishomingo for the sum of $6,500, and that she finally agreed to sign the deed thereto upon the promise of her husband to pay her the sum of $2,000 out of the proceeds of the sale and that finally he refused to pay her more than the sum of $1,000 and required her to sign the release of all alimony and rights of inheritance against him.

However, the proof shows, without dispute, that the deed whereby their home was sold was executed on April 7, 1956, three days before the execution and delivery of

the alleged release settlement as to alimony and right of inheritance. Mr. Gardner gave his wife a check for $1,000 and paid the expense of her moving to her mother's in Jackson, Mississippi, including the removal of a substantial, if not the greater part of their household furnishings, furniture, and other possessions.

In support of the first proposition hereinbefore stated as a defense to the affirmative plea of release relied upon by the appellant, his wife offered proof to show that he made a number of trips to Jackson where she was living with her mother and visited her there in a resumption of their marital relations; that in the latter part of May, 1956, the appellant took the appellee on a trip with him to Mobile and to Selma, Alabama, and returned to Jackson, and that they resided at a motel in Mobile and also in Selma, Alabama, as husband and wife.

The chancellor found: ''Mr. Gardner denies that his wife is entitled to separate maintenance from him for two reasons, one being that under the facts she is not entitled to be supported by him and second that the parties have had a full and complete settlement of all their property rights as shown by the written agreement introduced as to exhibit one to the testimony of Mrs. Gardner.

''In as much as this instrument purports to be a complete settlement of all property rights and alimony the Court will first direct its attention to this instrument. The cross-complainant contends that she was forced by duress to sign this instrument and further that according to the testimony of Mr. Gardner that this instrument was the result of a collusive agreement made for the purpose of allowing him to procure a divorce. She further contends that such agreement is not binding on the court and is always subject to change or modification by the court upon proper application as has been made in this case. It is also the contention of the cross-complainant that this agreement is not binding for the reason that the parties cohabitated together as man and wife after the date of the instrument.

"The court has reached the conclusion that the agreement under the facts of this case is not binding on the cross-complainant for two reasons: First, being that according to the testimony of Mr. Gardner himself the instrument is void because it was an agreement between him and his wife whereby he would pay her $1,000 if she would give him a divorce. If his testimony is correct, what he was doing was not settling the property rights but paying her the money to allow him to obtain a divorce. The proof further shows that after the execution of this instrument Mr. and Mrs. Gardner cohabited together as man and wife. There is no doubt that on several occasions after the execution of this instrument Mr. Gardner went to Jackson and spent the weekend with his wife and in May, 1956, she went on a trip with him for three or four days. On these occasions they slept together and according to the testimony of Mrs. Gardner had sexual intercourse. Mr. Gardner does not deny these visits but does deny that they constitute a resumption of the marital relation. It appears from all the facts surrounding the situation of the parties that the actions of the parties after the execution of the agreement that there was a resumption or a continuation of the marital relationship which would invalidate the agreement. Therefore it is the opinion of the court that under the facts and circumstances of this case the purported settlement is not valid and is not a bar to the right of Mrs. Gardner to maintain her suit for separate maintenance."

■■■ It will serve no useful purpose to detail the numerous instances and occasions on which Mrs. Gardner testified that her husband had violently and unmercifully beat and injured her nor to detail the numerous occasions on which he says that she abused and mistreated him. Suffice it to say, the testimony presented an issue of fact and was conflicting on this issue and we are unable to say that the finding of the chancellor was manifestly incorrect in allowing her $75 per month alimony

and the sum of $200 as a reasonable attorneys' fee for the service of her attorneys in the trial court. She sought no divorce and her needs and requirements were shown to be in excess of the $75 alimony allowed, but she makes no complaint that this allowance was inadequate. Although the appellee was shown to be in ill health, she was able to earn $40 per week during such times as she has been able to work.

The appellee has filed a motion before this Court for an allowance of an additional attorneys' fee for defending this appeal taken by her husband. In the case of Windham v. Windham, 218 Miss. 547, 67 So. 2d 467, this Court said: ''We have adopted the rule in cases of this character of allowing the wife for counsel fees in this Court 50 per cent of the amount allowed her for such fees in the lower court.'' There are numerous other decisions of this Court to the same effect and no response is made to the motion for the allowance of an attorneys' fee to the wife for the defense of this appeal. She is, therefore, allowed an additional $100 for that purpose.

As to the law on the other points involved, it was held in the case of Weeks v. Weeks, 143 Fla. 686, 197 So. 393 that: ''It appears to be well settled that reconciliation of husband and wife and resumption of marital relations for any period of time will render a previous contract and settlement of property rights void and that in the absence of divorce a separation contract between husband and wife is abrogation of the marital relation. ********(citing numerous cases)***.''

There is also an annotation in 35 A. L. R. 2d 714, with numerous citations of authorities to the effect that where a husband and wife have made a separation agreement and thereafter become reconciled and resume cohabitation, the agreement is abrogated.

On the question of collusion the cases of Kirby v. Kent, 172 Miss. 457, 160 So. 569; Amis on Divorce, Section 146-A, P. 199; and Gurley v. Gorman, 137 Miss. 210, 102 So. 65, will control here.

The decree of the chancellor allowing the $75 per month alimony to the wife and the $200 fee for her attorneys in the trial court is, therefore, affirmed and the motion for the allowance for an additional attorneys' fee for the defense of the appellant's appeal here is also allowed to the appellee.

Affirmed and the motion for the allowance of an additional fee for $100 in this court is sustained.

*Lee, Kyle, Holmes,* and *Arrington, JJ.,* concur.