295 So.2d 868 (1974)
Preston N. AUCOIN, Plaintiff and Appellee,
v.
Delores M. WILLIAMS, Defendant and Appellant.
No. 4564.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
Rehearing Denied June 26, 1974.
Writ Refused September 18, 1974.
*869 Fusilier, Pucheu & Soileau, by A. Gaynor Soileau, Ville Platte, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before CULPEPPER, MILLER and HOOD, JJ.
CULPEPPER, Judge.
The plaintiff, an attorney at law, seeks to recover under an oral contract, whereby he agreed to defend the wife, in a divorce action filed by her husband, for a contingent fee of one-third of the community property received by the wife. The district judge recognized the contingent fee contract and granted judgment in favor of plaintiff and against the defendant wife for the sum of $29,166.66 plus legal interest. The defendant appealed.
The decisive issue is whether the contingent fee contract is void as against public policy.
The facts are that in 1963 the defendant, Delores Marie Williams, married Elijah Alfred. On September 19, 1968, Mr. Alfred received permanently disabling injuries as the result of the injection of a dye while undergoing medical treatment in New Orleans. He employed attorneys in New Orleans to handle his claim for damages.
On April 15, 1969, Elijah Alfred, represented by attorneys in New Orleans, filed a suit in Evangeline Parish against his wife, Delores Marie Williams Alfred, for divorce on the grounds of voluntary separation for two years. In the divorce proceedings, it was alleged that no community property had been acquired during the marriage.
Mrs. Alfred retained the plaintiff in the present proceedings, Preston N. Aucoin, an attorney of Evangeline Parish, to represent her in the divorce suit. In his brief filed in this court, plaintiff states their oral fee agreement was as follows: "Delores Marie Williams Alfred retained my services to represent her in the divorce suit and, particularly, to assert that the cause of action for damages for the September 19, 1968 accident was community property and that an undivided one-half of the cause of action had vested in her upon its occurrence during the community. The fee was contingent and was based upon one-third of all amounts recovered, if any. I filed pleadings in her behalf asserting this right in the suit for divorce."
On April 18, 1969, Aucoin filed an answer in the divorce proceedings admitting *870 the two years separation, but requesting custody of the children and alimony in the sum of $250 per month. An amended answer filed on May 15, 1969 alleges that there was community property acquired during the marriage.
On July 30, 1969, Elijah Alfred's attorney in New Orleans filed suit there on his claim for damages.
On January 27, 1970, a judgment of divorce was rendered in the proceedings in Evangeline Parish. The trial court judgment held that Mr. Alfred's pending action in New Orleans for damages was community property, and Mr. and Mrs. Alfred were recognized as owners of a one-half interest each in that cause of action.
On January 28, 1970, Mrs. Alfred, through her attorney, Mr. Preston Aucoin, filed an intervention in the suit in New Orleans asserting her ownership of one-half of the cause of action.
Mr. Alfred appealed the judgment of divorce insofar as it granted to Mrs. Alfred a one-half interest in the pending lawsuit as her share of the community property. Mrs. Alfred did not appeal or answer the appeal.
The Third Circuit Court of Appeal, 237 So.2d 94, amended the judgment of divorce and held that although the cause of action for damages was community property, only those damages which accrued during the marriage fell into the community. Conversely, the court held that all damages accruing after the dissolution of the marriage were the separate property of Mr. Alfred.
Our Supreme Court granted writs, Alfred v. Alfred, 256 La. 847, 239 So.2d 356 (1970). On the same date, the Supreme Court granted writs in another case involving the same question of whether damages accruing after dissolution of the community, but as a result of injuries received during the community, are community property, Chambers v. Chambers, 256 La. 851, 239 So.2d 357 (1970).
Meanwhile, Mrs. Alfred had moved from Evangeline Parish to California and returned. In July of 1970 she wrote a letter to Mr. Aucoin inquiring as to the status of her community property claim. Aucoin advised her that the Supreme Court had granted writs and he was hopeful for eventual success of his position.
However, in a letter dated October 21, 1970, Mrs. Alfred advised Mr. Aucoin that she wished to terminate his services as attorney in the case of Alfred v. Alfred, which was then pending on writs in the Supreme Court. She stated her reason was that "I have decided not to file suit for settlement and would like you to draw up the necessary papers for me to sign. I will be leaving town soon and would appreciate it if this could be done immediately or at your earliest convenience."
On November 13, 1970, Mrs. Alfred wrote a second letter to Mr. Aucoin requesting him to withdraw from the case because she wished to make a settlement. A third letter was written by Mrs. Alfred on November 24, 1970, again requesting that Mr. Aucoin withdraw from the case. Mr. Aucoin refused to withdraw.
At this point, conferences between the attorneys in New Orleans for Mr. Alfred and the attorneys for the various defendants in the damage suit, reached the point where an offer was made by defendants to settle the claim for $175,000.
On December 17, 1970, Mr. Aucoin filed in the divorce action, which was then pending in the Supreme Court on writs, a notice that he was asserting a lien and privilege under LSA-R.S. 9:5001 for his professional fee of one-third of whatever Mrs. Alfred recovered from the community as a result of the divorce proceedings.
On January 22, 1971, the damage suit in New Orleans was settled for a total of $175,000. The compromise agreement was signed by Mr. and Mrs. Alfred, by Mr. Preston Aucoin, and by attorneys of record for all of the defendants. Mr. Alfred and *871 his attorneys were paid the sum of $145,000. The sum of $30,000 was paid to Elijah Alfred, Delores Marie Williams Alfred, Preston N. Aucoin, and Daniel J. McGee annd Lolis E. Elie, these latter two being attorneys for Aucoin. The $30,000 was deposited in escrow under an agreement whereby these funds could be disbursed upon final determination by a judgment of court as to the amount of the fee to which the attorney, Preston N. Aucoin, is entitled. This $30,000 deposited in escrow is the sum which is in dispute in the present case. Following the execution of the compromise agreement, the damage suit in New Orleans was dismissed on January 25, 1971.
On or about March 1, 1971, Mrs. Alfred filed a motion to dismiss Mr. Aucoin as her counsel in the divorce action which was still pending on writs in the Supreme Court. The motion was opposed by Mr. Aucoin, who in turn filed a motion to have his interest in his claim for attorney's fees recognized. On Mr. Aucoin's motion, the Supreme Court ruled: "Motion denied without prejudice, however, to any rights the movant may have to seek recognition of his claim for attorney's fees and his alleged lien, if any, on the proceedings."
On May 4, 1971, the Supreme Court decided Chambers v. Chambers, 259 La. 246, 249 So.2d 896, which involved the same issue as Alfred v. Alfred regarding damages for personal injuries received during the existence of the community. The Court held that where personal injuries are received during the community, all damages resulting therefrom, both during the existing of the community and after its dissolution, are community property. The case of Alfred v. Alfred, in which writs were granted, 256 La. 847, 239 So.2d 356, was never decided by the Supreme Court. In his dissenting opinion in Chambers, Justice Tate states that Alfred v. Alfred was compromised before it was heard by the Supreme Court.
The present suit was filed on August 4, 1971. The plaintiff, Mr. Aucoin, contends that under the Supreme Court's decision in the Chambers case, the full amount of $175,000 paid in compromise of Elijah Alfred's tort action falls into the community, that Mrs. Alfred is entitled to one-half of that amount, i. e., the sum of $87,500, and that Mr. Aucoin is entitled to his contingent fee of one-third of Mrs. Alfred's share, i. e., $29,166.67.
In the trial court the defendant, Delores Marie Williams Alfred, urged several defenses. First, she contended that during the existence of the community, Mr. Alfred, as head and master of the community, entered into a written contract with the attorneys in New Orleans to handle his claim for damages for a contingent fee of one-third, and that the fee for the New Orleans attorney is a community obligation which must be deducted before any distribution of the community funds to Mr. and Mrs. Alfred. Next, she urged that since Mr. Aucoin did not have a written contract signed by Mrs. Alfred stipulating that neither the attorney nor the client could without the written consent of the other compromise, discontinue or otherwise dispose of the suit, as authorized by LSA-R.S. 37:218, the contract between Aucoin and Mrs. Alfred was only one of mandate, which the principal had a right to revoke at any time, LSA-C.C. Article 3028. She says that she did in fact revoke the mandate and compromised the case as she had a right to do, and that Aucoin's only right is to recover for the value of his services rendered under quantum meruit. Mrs. Alfred also takes the position that Aucoin is not entitled to a lien under LSA-R.S. 9:5001 because this is not the type of judgment contemplated by that statute. We pretermit a decision of these serious issues, because we decide the case on the following basis.
After the decision in the district court, our Supreme Court rendered its decision in Succession of George E. Butler, La., 294 So.2d 512, (1974). In that case the decedent's widow, Mrs. Butler, had entered into a contract in 1964 with the law *872 firm of Tucker and Schonekas to file for her a suit for separation from bed and board for a contingent fee of 10% "on any and all assets recovered * * * from the community of acquets and gains." Under this contract, the attorneys filed a suit on behalf of Mrs. Butler in 1964 for separation from bed and board on the grounds of cruelty. No decree of separation was ever obtained, but an injunction to protect her community rights was issued and maintained continuously until Mr. Butler's death in 1969. The attorneys then filed suit against the succession of Mr. Butler and his surviving widow to enforce the payment of the 10% contingent fee contract. The court held:
"The validity of this contract of employment is the first issue the case presents. As we read the contract, plaintiffs' fee is contingent upon recovery of assets for Mrs. Butler from the community of acquets and gains between her and her husband. To accomplish this result on her behalf either plaintiff had to obtain a separation from bed and board or divorce between the parties to dissolve the community, or, as happened here, one of the spouses must die. By the terms of the contract neither Mrs. Butler nor her attorney had the right to settle or compromise any interest in the property without the consent of the other.
"Despite the fact that plaintiff would have the contract considered as one designed for the protection of the wife's interest in the community estate and not one the payment of which is contingent upon a decree of separation from bed and board or divorce, the fact is the contingency upon which the payment of the fee is predicated is the separation or divorce decree. Such a decree must be rendered before Mrs. Butler can `recover' assets from the community of acquets and gains. As such the contract offends public policy.
"The law's attitude toward the marriage relation has been stated as follows: `Public policy, good morals, the highest interest of society require that the marriage relations should be surrounded with every safeguard and their severance allowed only for the causes specified by the law, and clearly proven.' Halls v. Cartwright, 18 La.Ann. 414 (1866). See also Barringer v. Dauernheim, 127 La. 679, 53 So. 923 (1911). The Civil Code declares that `individuals cannot by their conventions derogate from the force of laws made for the preservation of public order or good morals.' La.Civil Code art. 11. See also La.Civil Code art. 1758(1), 1892. In keeping with this policy of the law, every attempt should be made to reconcile estranged couples. Meyers v. Howard, 136 So.2d 805 (La. App.1962). Though stated more than a century ago, the policy remains fundamentally unchanged. [Emphasis supplied.]
"In McMahon v. Hardin, 10 La.App. 416, 121 So. 678 (Orl.App.1929), the Orleans Court of Appeal (now Fourth Circuit) cited with approval a statement from 2 Elliott on Contracts ¶ 753 to the effect that an agreement by which a wife undertakes to pay her attorney, in a suit for divorce and alimony, a certain percentage of whatever property may be awarded her out of her husband's estate is a contract in restraint or derogation of the marriage relation and it is for that reason void. La.Civil Code art. 1892. This view prevails in most jurisdictions. 7 Am.Jur.2d, Attorneys at Law, ¶ 217, 7 C.J.S. Attorney and Client ¶ 186; 17 C.J.S. Contracts ¶ 235.
"It is not the fact that any evil result grew out of the contract in the case at bar which strikes it with nullity; it is the tendency which approval of such contracts would have to produce evil results in other cases which makes them reprobated by the law. [Emphasis supplied.]
* * * * * *
"The justification for contingent fee arrangements, that it allows one who *873 could not otherwise afford counsel to procure adequate representation by an attractive fee arrangement, is not applicable to divorce proceedings. Whether the wife's suit is successful or not, the attorney's fees incurred by her become an obligation of the community which her husband must discharge on a quantum meruit basis or the fee must be satisfied from the community estate in the case of dissolution. [citations omitted] There is therefore no argument to support a contingent fee contract in such cases. The fee is payable in the case of reconciliation as well as in the case of dissolution of the marriage; thus the fee should not be an inducement to either reconcile the parties or dissolve the marital relation. It would in many cases be different if the fee were contingent upon dissolution of the marriage." [Emphasis supplied.]
Under the holding in Butler, Aucoin's contingent fee contract with Mrs. Alfred in the present case is void, as it offends public policy. The rationale of the decision in Butler is that the marriage relation should be protected by the law, and that such contingent fee contracts by the wife are in derogation of the marriage relation. The court states: "the fee should not be an inducement to either reconcile the parties or dissolve the marital relation."
Plaintiff argues the Butler case is distinguishable on several grounds. First, plaintiff says that in Butler the attorneys represented the wife who sued for separation, whereas in Alfred plaintiff represented the wife, who was the defendant in a suit for divorce by her husband. Under the rationale of the Butler case, we do not agree that it makes any difference whether the wife is the plaintiff or the defendant in the suit for separation or divorce. If the attorney's fee is based on a percentage of the amount of community property recovered, the inducement to either reconcile the parties or to prevent such reconciliation is the same, whether the wife is plaintiff or defendant.
Plaintiff argues further that in Butler the contract was entered into before the wife filed suit against the husband for separation, whereas in Alfred the contract was entered into after the husband had filed suit for divorce against the wife, and since the judgment of divorce is effective as of the date the suit for divorce was filed, the contract was entered into after the judgment of divorce was effective. We find this argument also affords no comfort to Mr. Aucoin. As stated above, the rationale of Butler is that such a contingency fee contract should neither induce nor hinder a reconciliation of the parties. At the time Mrs. Alfred entered into this contract with Mr. Aucoin, she was married to Mr. Alfred and the payment of the fee was contingent upon a divorce. Such a contingency fee contract could have hindered a reconciliation before the divorce judgment. was signed. The rationale of the rule is to allow the parties to decide whether to become reconciled or not without pressure from attorneys because of contingent fees predicated on a divorce decree.
Plaintiff also urges that in Butler the written contract denied the wife the right to discontinue the separation suit or to compromise her interest in the community property, whereas in Alfred there was no issue as to the husband's entitlement to divorce on the grounds of two years voluntary separation, and the only purpose of the contingency fee contract was to insure that the wife recovered her share of the cause of action for damages. We find no merit in this argument. As far as the written contract in Butler is concerned, it was held by the court to be void. As to the argument that in Alfred there was no issue involving the husband's entitlement to divorce, this still does not answer the argument that the contingency fee contract may have hindered a reconciliation.
Another argument by plaintiff is that in Butler the community property consisted of approximately $1,400,000 of property which had already been acquired during the marriage, whereas in Alfred the *874 community property consisted only of a "chose in action", i. e., an unliquidated claim for tort damages. We fail to see how the nature of the community property should cause the contingency fee contract to be any less in derogation of public policy. The rule should be the same, regardless of whether the community property consists of realty, personal property, choses in action or otherwise.
Plaintiff argues that in Butler no judgment of separation was ever rendered, whereas in Alfred a judgment of divorce was granted to the husband. We find no merit in this argument. Such a contingency fee contract is void, regardless of whether the contemplated proceedings result in divorce.
Finally, plaintiff argues that in Butler the attorney did not acquire a lien as provided by LSA-R.S. 9:5001, whereas in Alfred, Mr. Aucoin did file a lien asserting a privilege for his attorney's fee. We find no reason to distinguish the cases on this basis. The lien, even if effective, is based on the contingency fee contract and must stand or fall with that contract. The fact that a lien was filed asserting a privilege under R.S. 9:5001 could not give validity to the contingency fee contract which is against public policy.
We conclude that the contingency fee contract between Mr. Aucoin and Mrs. Alfred is void as against public policy.
Plaintiff has neither alleged nor sought to prove a cause of action in quantum meruit. The present case does not bar him from filing such an action.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Mrs. Delores Marie Williams Alfred, and against the plaintiff, Preston N. Aucoin, rejecting his demands. All costs in the trial and appellate courts are assessed against the plaintiff.
Reversed and rendered.