SAMUEL, Judge.
This matter arises from an interlocutory judgment rendered in a proceeding for separation from bed and board between the parties. On December 14, 1972 the defendant wife left the matrimonial domicile which she had occupied to that time with the plaintiff husband. On December 20, 1972 plaintiff filed this suit for a separation from bed and board. The defendant answered and filed a reconventional demand seeking a separation in her favor. During the course of the litigation plaintiff remained living in the matrimonial domicile.
At a hearing in the trial court during which the parties amicably disposed of various motions filed by them, the defendant made an oral motion to have the court award and order transferred to her various items of movable property and furnishings belonging to the community and in plain *320 tiff’s possession. Plaintiff agreed to have the court make such an award without the necessity of a written motion. After the hearing, the court awarded defendant the use of the following:
1) A desk located in the living room.
2) Certain art books located in the living room.
3) A small cabinet located in the dining room.
4) A cut glass cream and sugar pitcher and bowl.
5) A table located in the den.
6) Two chests of drawers and matching mirror located in the master bedroom.
7) A breakfront located in the carriage house of the matrimonial domicile.
Plaintiff has appealed suspensively from the pendente lite award of the use of these seven items to the defendant. As a result of the suspensive appeal the items have remained in the possession of the plaintiff.
On appeal plaintiff contends the trial court committed error in awarding the items in question to the defendant for the reason that it had no authority to “partition” community property before a judgment of separation had been rendered. This is the only issue involved in the appeal.
During oral argument in this court, both parties stipulated that a final judgment of separation from bed and board has been rendered between them. Under these circumstances, the question presented for our decision is moot and need not be decided.
In Danna v. Commissioner of Insurance,[1] the court quoted the definition of a moot case from Corpus Juris Secundum as follows:
“A moot case * * * is a case or question in or on which there is no real controversy; a case which seeks to determine an abstract question which does not rest on existing facts or rights, * * * ”[2]
In Spinato v. Lowe,[3] the Supreme Court stated it was not the function of the courts to render judgments which cannot be made effective nor give opinions on moot questions or abstract propositions from which no practical results can follow.
In the instant case there is no longer any question regarding rights to the use of community property pendente lite. Prior to the final judgment of separation from bed and board, neither party had the right to partition the assets of the community.[4] But now the community of acquets and gains formerly existing between them has been dissolved by that judgment.[5] The parties now are co-owners in indivisión of the property formerly belonging to the community; as such, they have co-equal rights to its use; the co-owner having possession cannot be removed from the use thereof; and either party may file suit for a partition by licitation.[6] The facts which formed the basis for plaintiff’s appeal no longer exist, and no practical result can follow from any action we have authority to take.
For the reasons assigned, the appeal is dismissed.
Appeal dismissed.

. La.App., 207 So.2d 377.

. 1 C.J.S. Actions § 17c.

. 239 La. 604, 119 So.2d 480.

. It should be noted that both parties were enjoined from alienating community property.

. LSA-C.C. Arts. 136 and 155.

. Spencer v. Spencer, La.App., 273 So.2d 605, and cases cited therein.