LEMMON, Judge.
This appeal questions as excessive the amount awarded by the trial court to plaintiff attorney for professional services rendered to defendant client.
On the recommendation of his personal attorney (who did not practice criminal law), defendant employed plaintiff to represent his son who had been arrested on five serious criminal charges. Defendant paid a $1,500.00 retainer fee and was advised there might be substantial additional fees because of the complexities of the case and the seriousness of the charges.
Through plaintiff’s efforts, three of the charges were not accepted, and the boy received a suspended sentence and conditional probation upon pleading guilty to the other two charges.
Plaintiff sent a bill for services in the amount of $17,500.00 which defendant rejected as excessive. Defendant’s personal attorney then arranged a meeting, at which plaintiff contends they settled the dispute by agreeing on a fee of $12,500.00, with a *741 credit for the $1,500.00 already paid. Defendant denied such an agreement was reached.
In the subsequent litigation counsel for plaintiff objected to questions delving into the extent of services performed by plaintiff, contending such evidence is inadmissible in a suit on a specific contract unless quantum meruit is pleaded as a basis for alternative recovery. When the evidence was admitted, counsel for plaintiff orally amended the pleadings to seek alternative relief.
The trial court rendered judgment in the amount of $12,500.00, finding (1) the parties had reached an agreement for payment in that amount and (2) the services rendered and results obtained warranted a fee in that range.
Evidence as to the extent and value of services rendered is properly excluded in a suit on a contract specifying a fixed fee, inasmuch as the defendant who is sued upon such a contract normally is not prepared to meet such evidence (which in effect is an expansion of the pleadings).[1] The present case, however, does not involve a suit on a contract specifying a fixed fee.
In their original meeting plaintiff and defendant possibly struck a contract, by which plaintiff obligated himself to provide certain services and defendant obligated himself to pay a reasonable fee upon adequate performance of these services. The determination of whether the parties reached a meeting of the minds prior to performance is academic in this case, however; since the services were actually performed and accepted, defendant owed a reasonable fee, either on the basis of his implied promise to pay a reasonable fee or on the basis of quasi contract.[2]
Defendant did not question the competency or adequacy of the performance and admitted owing a reasonable fee. Except for the agreement allegedly reached at the post-performance meeting, the only issue before the trial court would have been the reasonableness of the fee sought. Plaintiff did seek recovery, however, on the basis of the subsequent contract. We do not reach the issue of whether the parties in fact reached such an agreement in settlement of their dispute. When two or more persons adjust their differences by mutual consent, reached by each party balancing the hope of gaining against the danger of losing, the contract of compromise must be reduced into writing in order to be enforceable. C.C. art. 3071. The alleged contract of compromise in the present matter was not reduced to writing and is not enforceable by either party.
The sole remaining issue on appeal is whether the evidence supports the trial judge’s conclusion that the fee was reasonable. While the record contains evidence as to the extent of the services rendered, there is no evidence as to the value of these services, possibly because of the overriding factual dispute over whether or not the parties had compromised their differences on the question of value. In view of these circumstances, we believe that the ends of justice will best be accomplished as to both parties by remanding the case to allow either side to present evidence on the reasonableness of the fee.
*742 For these reasons, the judgment of the trial court is annulled and set aside, and the case is remanded for further proceedings in accordance with the views herein expressed.
Annulled and set aside, and remanded.

. In such a case, however, the court should freely allow the pleadings to be amended if the merits of the action will be subserved thereby, and if necessary may grant defendant a continuance to enable him to prepare his defense against the alternative claim. See C.O.P. art. 1154.

. A plaintiff, who fails to prove a contractual agreement by defendant to pay either a fixed fee or a reasonable fee, is normally entitled to recover the value of services actually rendered and accepted, based on the maxim that “no one ought to enrich himself at the expense of another.” C.O. art. 1965.