335 So.2d 742 (1976)
James V. WOODEN, Plaintiff-Appellant,
v.
The HARTFORD INSURANCE COMPANY, Defendant-Appellee.
No. 12946.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Rehearing Denied August 3, 1976.
Kidd, Katz & Strickler by Stephen J. Katz, Monroe, for plaintiff-appellant.
Hudson, Potts & Bernstein by Ben R. Hanchey, Monroe, for defendant-appellee.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied August 3, 1976.
*743 HALL, Judge.
Plaintiff appeals from a judgment of the district court sustaining the defendant insurance company's peremptory exception of prescription of one year and dismissing plaintiff's suit for damages for personal injuries arising out of an automobile accident. We affirm the judgment of the district court.
Plaintiff, James V. Wooden, filed suit on March 19, 1975, against defendant, The Hartford Insurance Company, alleging he was injured in an automobile accident which occurred March 16, 1974, caused by the negligence of an employee of defendant's insured. Plaintiff alleged defendant paid to him $500 in partial settlement of his claim on or about January 27, 1975, but that defendant has not paid any sums for plaintiff's physical injuries, medical expenses or loss of earnings, for which plaintiff sought recovery of the sum of $50,315.
Defendant filed a peremptory exception of prescription pleading the prescription of one year provided in LSA-C.C. Art. 3536.[1] Upon trial of the exception, it was established that (1) the accident occurred March 16, 1974; (2) negotiations toward settlement were carried on between an adjuster for the insurance company and plaintiff's attorney (who was not the same attorney representing plaintiff on appeal, the latter attorney having enrolled as counsel after judgment was rendered in the district court); (3) a settlement of plaintiff's claim for damages to his automobile was reached and the defendant insurance company issued its draft for $500 on December 17, 1974, in full settlement of the property damage claim, which payment was accepted by plaintiff; (4) a settlement of plaintiff's personal injury claims could not be reached and the adjuster suggested to plaintiff's attorney that he go ahead and file suit; and (5) suit was filed March 19, 1975. It was stipulated that there was no claim of deception or fraud or anything other than completely fair dealing on the part of defendant and its adjuster at all times.
Plaintiff contended in the trial court and contends on appeal that the running of the one-year prescriptive period provided by LSA-C.C. Art. 3536 was interrupted by the payment made for property damage. Plaintiff contends the payment amounted to a partial payment of the debt owed him and an acknowledgment of his right to recover damages, within the meaning of LSA-C.C. Art. 3520, which provides:
"Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed."
Where the claim has prescribed under the allegations of the petition itself, the burden is then on the plaintiff to show why the claim has not prescribed. Tassin v. Allstate Insurance Company, 310 So.2d 680 (La.App. 4th Cir. 1975) writ refused 313 So.2d 836.
An acknowledgment sufficient to interrupt prescription must be a clear, concise and express recognition of the right which the creditor claims. Article 3520 has reference to those situations where there is an acknowledgment of a liquidated amount such as a note or account, not where the amount is to be negotiated. Tassin, supra. See also 14 Tul.L.Rev. 430 (1940). The acknowledgment must be of a specific debt, and must be couched in clear and certain terms. A debtor cannot acknowledge a debt so as to stop the running of prescription against him without knowing what amount he is acknowledging. *744 Kennard v. Yazoo and M.V.R. Co., 190 So. 188 (La.App. 1st Cir. 1939).
Recognition of the mere existence of a disputed claim is not such an acknowledgment within the contemplation of Article 3520 as will effect an interruption of the running of prescription. The acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt the prescription then running. Marathon Insurance Company v. Warner, 244 So.2d 353 (La.App. 2d Cir. 1971).
A compromise settlement and payment pursuant thereto of a part of the damages claimed by an injured party arising out of an offense or quasi offense does not amount to an acknowledgment of the right of the injured party to other damages so as to cause prescription to cease to run under LSA-C.C. Art. 3520 against the party's action for such other damages. Payment of plaintiff's property damage claim did not amount to an acknowledgment sufficient to interrupt prescription running against plaintiff's claim for personal injury damages. There was no intent to interrupt prescription. There was no clear, concise and express recognition of plaintiff's right to additional damages. The amount of plaintiff's right, if any, was unliquidated and uncertain.
Plaintiff cites cases holding that a payment made on a promissory note or on an open account constitutes an acknowledgment sufficient to interrupt prescription. The cases are distinguishable in that the amount of the debt owed or the right claimed in such instances is liquidated and certain whereas a claim for personal injury damages arising out of a tort is unliquidated and uncertain.
Plaintiff also analogizes payment of workmen's compensation benefits, which tolls the running of prescription, to payment of part of his damages in tort. Prescription in workmen's compensation cases is governed by a particular statute, LSA-R.S. 23:1209, which specifically provides that the one-year prescription established by that statute shall not take effect until the expiration of one year from the time of making the last payment of benefits. Payment of workmen's compensation benefits is not analogous to partial payment of tort damages for purposes of determining the prescriptive period.
For the reasons assigned, the judgment of the district court sustaining the peremptory exception of prescription and dismissing plaintiff's action is affirmed at appellant's costs.
Affirmed.
NOTES
[1] LSA-C.C. Art. 3536. The following actions are also prescribed by one year:

That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses. * * *
LSA-C.C. Art. 3537. The prescription mentioned in the preceding article runs:
* * * And in the other cases from that [day] on which the injurious words, disturbance or damage were sustained. * * *