STOULIG, Judge.
Plaintiff, Malcolm B. Robinson, Jr.; has appealed a judgment dismissing his suit against Gloria Bethay for attorney fees and court costs.
The record reflects that in September 1973, Mrs. Bethay first retained plaintiff to bring a damage suit in her behalf for injuries she allegedly incurred in an accident with a car driven by Warren Lascóla. They entered into a contingent fee arrangement whereunder Mrs. Bethay was obligated to pay her attorney one-third of her recovery but was only obligated to pay costs should she be unsuccessful. After investigating the medical and physical facts, Mrs. Bethay and Mr. Robinson decided the chances of winning the suit were insufficient to warrant payment of the expenses necessary to bring it to court. Her claim was dropped.
At the time this decision was made, both attorney and client were aware the Chrysler Insurance Company was demanding reimbursement from Mrs. Bethay of the amount it paid to Lascóla under his collision coverage. When she refused, Chrysler filed suit against her on November 5, 1973. Mr. Robinson represented Mrs. Bethay without entering into a fee arrangement for defending the lawsuit. A $444 judgment was rendered against her on February 8, 1974. On May 3, plaintiff sent defendant a statement for $350 for services rendered plus $11.20 as court costs. He ultimately filed suit for this amount and then increased his demand in a supplemental petition by an additional sum of $98 allegedly advanced by plaintiff for medical services rendered to defendant in connection with her abandoned claim.
Appellant’s evidence as to his estimation of the value of services rendered is unclear. In his testimony he acknowledged the May statement indicates it covers services rendered in September and October 1973 which properly should have been assigned to the contingent fee arrangement. He acknowledges some credit is due for this time, and yet he claims the entire $350 is due because he was “lenient” in assessing the value of his services when he sent this bill.
The record establishes Mr. Robinson is entitled to a fee for services rendered in connection with the defense of the lawsuit. At the time he undertook the defense, there was no hope he would receive part of the *971 plaintiff’s recovery as his fee because her suit had been abandoned. We find it difficult to believe that Mrs. Bethay, formerly married to an attorney, believed Mr. Robinson would agree to defend a suit for one-third of zero and that she would not ultimately be billed for his professional services. While it would have been better practice had Mr. Robinson arrived at a clear fee agreement before undertaking the defense,[1] this does not preclude his recovery under a quantum meruit theory. Masinter v. Grunewald, 309 So.2d 739 (La.App. 4th Cir. 1975), and C.C. art. 1965.
We set his fee at $200. This is not to say that as a flat rule we value the defense of a lawsuit at $200. In fact we consider it low. But under the circumstances of this case, it is appropriate, for it is based on the amount in controversy and plaintiff’s admitted inaccuracy in his May 3 billing for services rendered. Additionally, we do not find sufficient evidence to sustain plaintiff’s right to his supplemental demand for $98.
Mrs. Bethay testified to, and Mr. Robinson admitted, a payment of $50. She is entitled to a credit. Thus the net amount due on the fee is $150 plus court costs of $11.20.
For the reasons assigned, the judgment appealed from is reversed and judgment is rendered in favor of plaintiff, Malcolm B. Robinson, Jr., and against the defendant, Mrs. Gloria Bethay, in the sum of $211.20, subject to a credit of $50, with legal interest from the date of judicial demand until paid and for all costs.

REVERSED AND RENDERED.

. Code of Professional Responsibility of the Louisiana State Bar Association Canon 2, Ethical Consideration 19.