REDMANN, Judge.
Appealing from a judgment on jury verdict for $6,500 for personal injuries, defendant supermarket and its insurer urge that the claim was prescribed and, alternatively, that the injury (a recurrent umbilical hernia) was not caused by defendant. We agree that the claim was prescribed.
Plaintiff’s petition of May 24, 1972 alleged an accident occurred (Friday) June 4, 1971, less than the prescriptive period of a year prior to suit, C.C. 3536. Plaintiff’s supplemental petition, filed after the plea of prescription, alleged alternatively that the accident happened on (Friday) May 14 or some other day over a year prior to suit but made further allegations seeking to es-top defendant from successfully pleading prescription.
The evidence on the date of the occurrence virtually excludes the possibility that it was June 4 and preponderates that it was May 14. On June 1 plaintiff went to the hospital’s general surgery department complaining of her injury,[1] which therefore could not have occurred June 4. On May 15 she complained to an employee of defendant supermarket of being struck by an employee with a shopping cart the preceding day, or May 14, and signed a written statement concerning the incident dated May 15 — a statement read, but not introduced, into the record without objection. (That statement as read, according to the transcript, fixed the accident as “the preceding date, Friday, 5/4/71” — more likely than not a slip of tongue or of transcriber for “5/14/71”.) Moreover, on May 21, 1971, plaintiff went to the same hospital’s “outpatient clinic” on a regular visit, and she testified that the accident and the swelling it caused had occurred before this visit. (On this visit, plaintiff says, she said nothing about the swelling because this visit was for her high blood pressure).
Plaintiff’s amended petition alleged alternatively that she was misled by copies, mailed to her by defendants on May 5,1972, of two letters from her hospital to the insurance adjuster (sic). We find plaintiff’s point difficult to understand. The first letter, dated on January 25, 1972, recited that “On 6/10/71 [plaintiff] came to the admitting room following an accident with swelling in the right lower quadrant.” The second, dated March 7, 1972, repeated that “On 6/10/71 . . . she came to the Admitting Room stating that she had been hit in the right lower quadrant.” (A copy of a third letter, dated April 4, 1972 and also from the hospital to the adjuster and mailed to plaintiff with the other two letters, recites that plaintiff herself went to the hospital to correct other date errors in the earlier letters. That third letter says she came to the admitting room on June 1, *58 1971.) Plaintiff cannot blame on defendants the hospital’s error in reciting the wrong date of June 10 as the day she first went to the hospital — a date that was corrected to June 1 by another letter received by plaintiff in the same envelope with the erroneous letters. Nor can plaintiff blame defendants for misleading her by these letters into supposing that her accident occurred on or about the day she went to the hospital. Plaintiff knew that she did not go to the hospital on the very day that the accident occurred. We cannot find that the mailing of these letters by defendant estops defendant from pleading prescription.
Although the allegation was never made in any pleading, plaintiff on appeal also avers that the insurance adjuster misled plaintiff into believing that the accident occurred June 4. Plaintiff does testify that the adjuster repeated “June 4, June 4, June 4”. (The adjuster had been released from the witness stand before this testimony, but defendant had no reason to have him testify as to plaintiff’s “June 4” testimony because it was not alleged in plaintiff’s petition. Perhaps the jury accepted this testimony because it was not contradicted.) We reject the notion that a plaintiff who sues after the prescriptive period can defeat prescription by blaming the defendant for plaintiff’s own not knowing the date of the accident in which plaintiff was involved personally. One indispensable element of estoppel to plead prescription is deceit; Taasin v. Allstate Ins. Co., La.App. 4 Cir. 1975, 310 So.2d 680, writ refused, La., 313 So.2d 836. To prove deceit, some special circumstance would have to be proven to explain how one personally involved in an accident, who therefore had personal knowledge of its date, could have been deceived by someone who had no personal knowledge of the date.
Here, the proof is to the contrary. On May 6 or 8, 1972 (presumably, after their May 5 mailing to her), about a week before prescription was to accrue, defendant was reminded, by the copies of the letters from the hospital to the adjuster, that she had gone to the hospital June 1, 1971. Defendant knew that she had waited some time after the accident before going to the hospital. Any possible belief that the accident occurred June 4, 1971 had to be dispelled as of plaintiff’s receipt of the letters. Yet she waited two and a half weeks before filing a lawsuit on May 24,1972, and in that lawsuit she alleged that her injury occurred June 4, 1971. By May 24, 1972 plaintiff’s claim had prescribed and no behavior of defendant was proven which would estop defendant from pleading prescription.
Finally, plaintiff argues that the adjuster deceived her by representing that she did not need a lawyer and that he would settle her claim. Yet plaintiff testified that about seven months after the accident she came to question the adjuster’s sincerity. Such representations by an adjuster do not estop his principals from pleading prescription; Tassin, supra.
Reversed.

. A hospital photocopy of its record is clearly dated “6-1-71” although an original is unmistakably superscribed with a “0” in different color ink to make it read “6-10-71”. Also in that different ink is the attempted change of the word “swelling” to “checking” and the addition of “nervious” (sic) in the description of the patient’s complaints.