SCHOTT, Judge.
Plaintiffs have appealed from a judgment maintaining an exception of prescription and dismissing their suit.
In their original petition filed on Wednesday, August 13,1975, plaintiffs alleged that the automobile accident which gave rise to their claim occurred on August 12, 1974. *724 After being met with an exception of prescription they amended their petition to include the following:
“VIII
Agents of defendant Douglas’s insurer acting on behalf of Douglas and the insurer acknowledged the obligation to make plaintiffs whole several times, even into 1975, were aware of plaintiff John Ward’s medical problems, assured him that all expenses were to be taken care of and in fact paid for some expenses. By such actions prescription was interrupted as to all defendants.”
The trial on the exception was submitted on the record and the argument and memo-randa of counsel. The record contains written interrogatories addressed by the parties to each other with their answers, but no further evidence was taken at the trial.
At the time of the trial the use of the interrogatories and answers was controlled by LSA-C.C.P. Arts. 1492 and 1428, as they read prior to the passage of Act 574 of 1976. Defendant’s answer to plaintiffs’ interrogatories may be considered by us pursuant to Art. 1428(2). However, the record does not disclose that any of the circumstances contained in Art. 1428(3) were present so as to authorize plaintiffs to offer their answers to the interrogatories as evidence in their behalf. Neither does the record suggest that they attempted to offer them as evidence in the first instance. Finally, there is no stipulation between the parties with respect to plaintiffs’ answer to the interrogatories.
In answer to plaintiffs’ interrogatories defendant Douglas Public Service Corporation stated as follows: Liberty Mutual Insurance Company was its liability insurer. A collision between its truck and plaintiff’s automobile occurred on August 12, 1974, and Liberty Mutual was notified the following day. On August 13 Liberty Mutual first contacted plaintiff. It caused an appraisal of plaintiff’s automobile to be made on August 14 and paid property damage of $161.58 on August 19, 1974.
Plaintiffs, whose claim prescribed on the face of their petition, had the burden to prove that prescription was interrupted. Wooden v. Hartford Insurance Company, 335 So.2d 742 (La.App. 2nd Cir. 1976); Tassin v. Allstate Insurance Company, 310 So.2d 680 (La.App. 4th Cir. 1975) writs refused La., 313 So.2d 836. The evidence properly before us including defendant’s answer summarized above is not sufficient proof of plaintiffs’ case.
Nevertheless, since plaintiffs have referred to their answer to defendants’ interrogatories and insisted that these facts establish an interruption of prescription, in the interest of making a full disposition of the issues we will consider them.
In these answers plaintiffs stated: Several times in 1974 a Miss Beaver said the insurance company would pay for the automobile repairs and medical expenses; Miss Beaver and others told plaintiff he didn’t need a lawyer and the insurance company would pay the bills no matter how long it took; the insurance company made one payment on the car; plaintiff talked to an attorney around October, 1974, but after Miss Beaver said they would pay for everything and that he didn’t need an attorney he thought it would be “silly” to get one.
On the basis of these answers plaintiffs contend that there was an acknowledgment of the obligation under C.C. Art. 3520 or that the maxim contra non valentem agere nulla currit praescriptio applies.
In the Wooden and Tassin cases it was held that an acknowledgment sufficient to interrupt prescription must be a clear, concise and express recognition of the right which the creditor claims. In the Tassin case is a lengthy discussion of the doctrine of contra non valentem which provides an insight into the quality of the evidence necessary to support the application of the doctrine.
Even if the answers to the interrogatories were properly before us they are self serving, they were not made with the benefit of cross examination, they are vague and they are not descriptive of all the circumstances which accompanied these contacts between plaintiff and the representative of defendant’s insurer.
*725 We have concluded that plaintiffs have not borne their burden of proof to defeat prescription.
Accordingly, the judgment is affirmed at plaintiffs’ cost.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.