GULOTTA, Judge.
Plaintiff’s suit to recover interim finance loans made to a contractor for home reno *1336 vations was met with a one-year prescription plea. The trial court maintained the plea of prescription. Plaintiff appeals. We affirm.
The petition alleges that the loans were made by plaintiff to the contractor conditioned upon the issuance of a performance bond in the amount of the loans and also conditioned upon approval by the Small Business Administration, thereby guaranteeing the payment of the loans. Plaintiff avers that although a performance bond was issued by American Fidelity Fire Insurance Company[1] making plaintiff the obli-gee, no approval was obtained from the SBA. The contractor defaulted and the loans were not repaid. According to the petition, on April 18,1973, after receiving a letter from Medallion stating that the surety had agreed to name plaintiff as an obli-gee on the bonds, plaintiff extended the maturity date for an additional 120 days. Guardian claims that Medallion “negligently” failed to advise plaintiff, at the time of the extension of the maturity date, that the Small Business Administration had not approved Federal funding of these projects. Based on Medallion’s negligence, judgment is sought against Medallion and its insurer. Because the suit, filed on May 10, 1977, alleges April 18, 1973 negligence, the prescription plea was maintained.
By way of background, the suit was originally directed against American Fidelity on the bond alleging that the contractor failed to complete the bonded jobs. This suit was removed to the Federal Court. In American Fidelity’s answer in the Federal Court (filed on February 8, 1974), the bonding company claimed the contracts had never been entered into or had been cancelled and no Federal funding had been approved. On November 11,1974, plaintiff, in an amended complaint, in the Federal Court, joined Medallion as a party defendant and alleged that Medallion as an agent for American Fidelity had negligently induced plaintiff to believe that each homeowner had entered into a contract for repairs and remodeling with the contractor and that there had been SBA approval of the loans. The suit against Medallion and its insurer was dismissed in the Federal District Court on the basis of lack of Federal jurisdiction. Plaintiff’s suit against American Fidelity was ultimately compromised. Thereafter, the matter before us was filed in the State court against Medallion and its insurer.
It is Guardian’s contention on appeal that it became aware of the nonexistent contracts and of the lack of SBA approval on February 8, 1974, when the answer was filed by American Fidelity in the Federal District Court. According to plaintiff, within a year, on November 11, 1974, Medallion and its insurer were made party defendants and service was effected on November 15, 1974. Plaintiff claims that although suit was filed in a court of incompetent jurisdiction (Federal Court), prescription was interrupted by the filing of suit and the effecting of service of process within a year of obtaining knowledge of Medallion’s negligent acts which constitute the basis of this cause of action. Plaintiff then argues when the Federal Court suit was dismissed on September 27, 1976, the new one-year prescriptive period commenced to run and the present suit, filed on May 10, 1977, was timely filed within the one-year prescriptive period.
We reject this argument. The premise upon which plaintiff bases its claim that the present suit was timely filed is the contention that knowledge of defendant’s April 18, 1973 negligence was first obtained on February 8, 1974.
Well established is the rule that where prescription has tolled on the face of the petition plaintiff bears the burden of showing the claim has not prescribed. Tas *1337 sin v. Allstate Insurance Company, 310 So.2d 680 (La.App. 4th Cir. 1975), writ denied, 313 So.2d 836 (La.1975); Wooden v. Hartford Insurance Company, 335 So.2d 742 (La.App. 2d Cir. 1976). The only evidence supporting plaintiff’s allegation is an affidavit from the attorney for plaintiff in which he states Guardian had no knowledge of the defects in the contracts prior to February 8, 1974. Suffice it to say this hearsay affidavit, on its face, attests to knowledge within the keeping of another person. No one from Guardian executed any affidavit stating when knowledge was first obtained.[2]
Furthermore, even if the affidavit were deemed sufficient to show when Guardian first obtained knowledge of the SBA’s non-approval, plaintiff’s argument based on the doctrine of contra non valentem (prescription does not run against him who could not bring the suit) is without merit. In Neyrey v. Lebrun, 309 So.2d 722, 723-724 (La.App. 4th Cir. 1975), we stated that “knowledge of any fact which might lead to knowledge of the tort constitutes notice” and that the doctrine of contra non valentem is limited to cases in which “plaintiff’s ignorance was neither willful nor negligent, and defendant concealed the occurrence . . ..” In the instant suit, Guardian was aware that the bonds were to be issued conditioned on SBA approval of the construction projects. Indeed, its own loans to the contractor were conditioned on the approval of the contracts by the SBA. Guardian therefore had the duty to investigate the circumstances surrounding possible non-acceptance by the SBA. No showing has been made that it was hindered or prevented from making this independent investigation. Accordingly, Guardian cannot rely on the fact that it first learned of SBA non-approval through American Fidelity’s answer in the Federal Court suit. Plaintiff’s lack of knowledge was a consequence of its failure to make inquiry into the SBA non-approval. Under the circumstances, the doctrine of contra non valentem is not applicable.
Having so concluded, the questions raised by plaintiff (relating to the interruption of prescription by service of process on a defendant in a court of incompetent jurisdiction and the continuing of the interrupted prescription throughout the pendency of that action in the improper court) are moot. The trial judge properly maintained the prescription plea.
Accordingly, the judgment is affirmed.

AFFIRMED.

LEMMON, J., concurs and assigns reasons.

. This suit is directed against the bonding company’s agent, Medallion Insurance Agency, Inc. and St. Paul Fire & Marine Insurance Company, the “errors and omissions carrier” of Medallion.

. In oral argument, Guardian claimed the attorney-affiant “is” the Guardian corporation. Nevertheless, the affidavit states only that the affiant appears as the attorney representing Guardian Funds, Inc., and not in any corporate capacity.