367 So.2d 107 (1979)
Mr. and Mrs. Ernest FLOWERS
v.
U. S. FIDELITY & GUARANTY CO. et al.
No. 9587.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1979.
Rehearing Denied February 15, 1979.
*108 Windhorst, Heisler, Delaup & Wysocki, E. Gordon Schaefer, Jr., New Orleans, for plaintiffs-appellants.
Chaffe, McCall, Phillips, Toler & Sarpy, Peter A. Feringa, Jr., James A. Babst, New Orleans, for defendants-appellees.
Before SAMUEL, LEMMON, and GARRISON, JJ.
GARRISON, Judge.
Plaintiff Mrs. Ernest Flowers was involved in an automobile accident with defendant's insured on January 11, 1976. Mrs. Flowers was hospitalized as a result. *109 During this time a U.S.F. & G. adjuster settled the property damage claim with Mr. Flowers, her husband and also a plaintiff. With the exception of a $175 bill from Dr. Landry, all of plaintiff's medical expenses also were paid by U.S.F. & G.
Mrs. Flowers discussed settling her claim with Leon Aucoin, an adjuster for defendant, however no dollar amount was reached, each party wanting to wait until all of the reports were in. The plaintiff was released by Drs. Hoffman and Landry in June of 76. Her dentist released her on November 14, 1976. Mrs. Flowers did not assemble her medical reports until after the anniversary date of the accident at which time U.S.F. & G. refused to discuss settlement.
On February 3, 1977 suit was filed against U.S.F. & G. and Aucoin alleging: that prescription was suspended or interrupted on the original accident; that Aucoin repeatedly represented to plaintiff that U.S.F. & G. would arrange a settlement; that U.S.F. & G. was equitably estopped from pleading prescription; and that U.S.F. & G. breached a contract to settle.
The plaintiff based her claim upon the initial payments made by the insurance company and upon the assurance made to her by Aucoin that he would make the settlement whenever she was released from the doctors and all the doctor's reports were in. She did not allege that Aucoin misled her as to the prescriptive period. She never inquired about a time limit nor consulted an attorney.
The defendants filed peremptory exceptions of prescription as to the claim based on the underlying accident and no cause of action as to the tort claim (arising out of their conduct of the settlement negotiations) against Aucoin and U.S.F. & G. as well as a motion of summary judgment on the claim of breach of contract. The trial court sustained the exceptions and granted the summary judgment dismissing plaintiff's action with prejudice. We affirm.
Plaintiffs' arguments as to equitable estoppel and interruption of prescription have been previously rejected. Wooden v. Hartford Ins. Co., 335 So.2d 742 (La.App. 2d Cir. 1976); Tassin v. Allstate Ins. Co., 310 So.2d 680 (La.App. 4th Cir. 1975) w. r. La., 313 So.2d 836.
Tassin specifically rejected the argument that prescription was interrupted by an acknowledgment of debt under La. C.C. Art. 3520. Since no amount of settlement was discussed or reached Art. 3520 is inapplicable. This article applies to situations where there is a liquidated and not a to-be-negotiated amount. "A debtor cannot acknowledge a debt so as to stop the running of prescription against it without knowing what amount he is acknowledging." Kennard v. Yazoo & M. V. R. Co., 190 So. 188 (La.App. 1st Cir. 1939). The Tassin court specifically held that payment of property damage and negotiations did not constitute acknowledgment. See also Wooden, supra.
The Tassin court also held that the principle of contra non valentem does not apply unless there is fraudulent conduct by the defendant in the form of words and actions which are designed to and which prevent the timely filing of suit. Not discussing settlement until all the medical reports are in does not constitute fraud. Deceit is an indispensable element of estoppel to plead prescription. Victor v. Meydrich's Venice Gardens Super Market, 344 So.2d 56 (La.App. 4th Cir. 1977) w. r., La., 346 So.2d 217. See also White v. Hartford Casualty Ins. Co., 297 So.2d 744 (La.App. 1st Cir. 1974).
"The doctrine that prescription does not run against one who is ignorant of facts which would entitle him to bring suit does not apply when the ignorance results from his negligence." Lemmon, J., concurring in Guardian Funds v. Medallion Insurance Agency, 359 So.2d 1335, 1337 (La.App. 4th Cir. 1978) citing Dean v. Hercules Inc., 328 So.2d 69 (La.1976). Although in the instant case plaintiff was in ignorance of law not facts, the analogy is clear. Suit was not filed because plaintiff failed to consult an attorney and inquire about a prescriptive period.
*110 Appellants urge, in effect, that Aucoin was negligent in conducting settlement negotiations. There can be no negligence unless defendant breached a duty to plaintiffs. Straley v. Calongne Drayage and Storage Inc., 346 So.2d 171 (La.1977); Callais v. Allstate Ins. Co., 334 So.2d 692 (La.1976). However, it has been held that as adversaries, there is no relationship existing between the plaintiffs and the insurance adjuster on which a duty to inform of prescription can be based. Green v. Grain Dealers Mut. Ins. Co., 144 So.2d 685 (La. App. 4th Cir. 1962). Therefore, the Flowers tort claim should be rejected because no cause of action has been alleged. Williams v. Red Barn Chems. Inc., 188 So.2d 78 (La. App. 1st Cir. 1966).
Appellants' contention that there was a contract to settle must also fall. La.C.C. 3071 requires that a compromise must be by mutual consent and reduced to writing. The jurisprudence requires "it must be unambiguous, perfect and complete in itself so that nothing is left for ascertainment by parol proof." Hammack v. Resolute Fire Ins. Co., 233 La. 359, 96 So.2d 612, 616 (1957); Masinter v. Grunewald, 309 So.2d 739 (La.App. 4th Cir. 1975). In the case at bar, nothing was reduced to writing and there was no amount even discussed, much less consented to.
Appellants' final argument is based on the concept of unjust enrichment. A requirement for that action is that there be no legal cause for the enrichment. Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1968). An obstacle of law such as prescription clearly bars restitution for unjust enrichment if it is sought in another action. Tate, The Louisiana Action for Unjustified Enrichment, 50 Tul.L.R. 883, at 892. "[T]he action de in rem verso cannot be used to contravene an imperative rule of law which, in effect, permits and thus justifies the enrichment." Thus, plaintiff's action in this case does not meet the criteria for an action de in rem verso, because there has been no unjustified enrichment since prescription supplies the justification.
With regard to the contention that the medical and auto payments by the insurance company constituted acknowledgment of the debt and interruption of prescription as to the underlying tort claim, considerations of public policy weigh against it. Insurers should be encouraged to act to the extent that circumstances permit, with a reasonable degree of fairness and compassion, without the fear that such a demonstration of humane concerns will later be held against them.
AFFIRMED.
LEMMON, J., dissents with written reasons.
LEMMON, Judge, dissents and assigns reasons.
This case presents the legal issue of whether an unconditional payment by the alleged tortfeasor or his insurer of part of the damages caused by a tort constitutes a tacit acknowledgment of the debt by a debtor so as to interrupt the running of prescription under C.C. arts. 3520 and 3551. I vote in the affirmative.
The undisputed payment in this case of the property damage and medical expenses cannot reasonably be construed as anything but an unconditional payment by a debtor of part of the debt.[1] If plaintiff had been holding a promissory note executed by defendant in the amount of all of the tort-caused damages, there would be no argument that payment on the note of the amount attributable to property damage interrupted prescription as to the entire note. Furthermore, there is no valid basis for distinction, for purposes of interruption of prescription, between payment on a liquidated debt and payment on an unliquidated *111 debt.[2] 2 Civil Law TranslationsAubry & Rau, Property, § 215, no. 304 (La.St.L.Inst. Trans.1966); 2 Planiol, Treatise on the Civil Law, § 665 et seq. (La.St.L.Inst.Trans.1959); 5 Civil Law TranslationsBaudry-LaCantinerie § Tissier, Prescription, §§ 476, 527-535 (esp. 531), 647.
Nor does public policy justify refusing to classify the partial payment as an acknowledgement which interrupts prescription. Liability insurers should not be discouraged from making partial payments of tort damages. Such payments benefit the tort victim by giving him prompt recovery of out-of-pocket expenses and often benefit the insurer by providing sufficient satisfaction so that the victim does not consult counsel to seek further recovery. However, such payments by the insurer are not really "held against them" simply because the tort victim is given a full year from the time of payment to decide whether to file suit for the balance of the damages.
NOTES
[1] Obviously, the tortfeasor's debt for the property damage and medical expenses could not exist separately from the debt for the remainder of the damages caused by the same tort. Furthermore, the payment was unconditional and thus cannot be construed as an offer to compromise.
[2] There is a difference, perhaps, for purposes of determining whether payment constitutes an admission indicative of liability, and perhaps for that purpose the fact of payment may not be admissible evidence. However, that is not at issue in this appeal from a judgment maintaining an exception of prescription prior to trial on the merits.