384 So.2d 330 (1979)
Earl John OLIVIER
v.
Donald W. DOGA, Clerk of Court.
No. 64532.
Supreme Court of Louisiana.
November 12, 1979.
Rehearing Denied January 11, 1980.
Dissenting Opinion May 23, 1980.
Louis B. Viviano, A Professional Law Corp., Opelousas, for Louis B. Viviano, intervenor-applicant.
John L. Olivier, Olivier & Brinkhaus, Sunset, for plaintiff-respondent.
BLANCHE, Justice.[*]
The legal issue that brought this matter before us is whether a contingency fee contract entered into between a wife and her *331 attorney to represent her in the partition of the community is void as being against public policy when the contract is entered into after the separation of the husband and wife but before divorce. The Court of Appeal found that the contract was against public policy, relying on Succession of Butler, 294 So.2d 512 (La.1974). In Butler, we stated that a contingency fee contract should neither induce nor hinder a reconciliation of the parties and the tendency of such contracts to produce evil results makes them reprobated by law.
The Court of Appeal's reliance on Butler is misplaced. The factual posture of this case is one wherein a wife seeks legal assistance to protect her interest in a community which her husband alleges does not exist. There is no public policy against a wife protecting her share in the community of acquets and gains existing between her and her husband. If public policy were an issue, it would be in favor of protecting her interest therein.
Involved here is a claim by the wife for money due on the dissolution of the community partnership with her husband. It is not necessary that the marriage be dissolved in order to effect a division of the community. The judgment of separation dissolved the community.[1]See Cooper v. Cooper, 303 So.2d 319 (La.App. 4th Cir. 1974).
Inasmuch as the community has been terminated by the judgment of separation, the wife has every right to enter into a contract to protect her one-half interest therein in the event of its division.
The agreement between the parties to the contingent fee contract recognized this fact when it provided "to partition the community formerly existing" between the parties.
Accordingly, we find a valid agreement between the intervenor-attorney and the plaintiff's former wife.
The next issue concerns the viability of a privilege on the proceeds of the judgment which the attorney-intervenor contends he has by virtue of R.S. 9:5001. The Court of Appeal found that the attorney lost his privilege against John Olivier, the judgment debtor, by failing to file an affidavit or other notice of his privilege under LSA-R.S. 9:5001 either in the mortgage records or in the suit record prior to the time the judgment was cancelled by the unilateral authorization of the judgment creditor. There are two statutes applicable to the privilege granted in favor of attorneys at law for the amount of their professional fees: LSA-R.S. 9:5001 and LSA-R.S. 37:218. In Calk v. Highland Construction & Manufacturing, 376 So.2d 495 (La.1979),[2] Justice Calogero of this Court, in a scholarly opinion, traced the historical development of these statutes and expressed their meaning and application. Applicable here is that decision's pronouncement with regard to LSA-R.S. 9:5001. The opinion holds that LSA-R.S. 9:5001 does not apply to settlements reached on suits filed by an attorney prior to judgment and that it is applicable only to judgments obtained by the attorney for his client. With regard to the effectiveness of the statute depending on recordation of the contract, Justice Calogero wrote:
"Under R.S. 9:5001, the attorney does not have to record the contract between himself and his client in order for the attorney to have priority on the proceeds recovered from a judgment on which a creditor has a claim under R.S. 13:3864." *332 As a mere observation, attorney-intervenor a fortiori should not be required to record his contract as against the husband who is a party to the lawsuit; but as noted above in Calk, recordation was not necessary and it was error for the Court of Appeal to restrict the operative effect of R.S. 9:5001 by imposing on it the restrictive requirement of prior recordation of the contingency fee contract.
The Court of Appeal further failed to recognize that the contingency fee contract was recorded in both the suit record and the mortgage records only two days before the cancellation of the judgment.
For the above reasons, the judgment of the Court of Appeal is hereby reversed and set aside and it is ordered that this matter be remanded to the district court with instructions to order re-inscription of the judgment rendered in favor of Marsha Mock Fontenot and against Earl John Olivier, recorded in Civil Docket No. 73,360 on the docket of the 27th Judicial District Court, with full recognition of the attorney's privilege granted therein in favor of relator-intervenor Louis B. Viviano as prescribed by law.
REVERSED AND REMANDED.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting.
I believe the Court of Appeal properly decided that the contingency fee contract of November 18, 1974 in this case is void as against public policy. Succession of Butler, 294 So.2d 512 (La.1974); Aucoin v. Williams, 295 So.2d 868 (La.App. 3d Cir. 1974) writ refused 299 So.2d 798 (La.).
DENNIS, Justice, dissenting.
I respectfully dissent.
The majority has failed to consider the problem of failure of cause underlying the contingency fee contract. This contract was confected by the wife and her attorney in connection with the first partition suit.
That suit never reached judgment, because the spouses reconciled and remarried while the suit was pending. They suffered marital difficulties once again, obtained another judgment of separation, and instituted a second partition suit. The attorney also represented the wife in this second suit, for which he now seeks his fee. He relies upon the contingency fee contract, agreed upon by the parties prior to the first partition suit, for the amount of fees due for his work in the second partition suit. Since the wife and the attorney did not agree that the contingency fee contract applied to the second suit, it is improper for the majority to hold that the contract is still valid. When the first partition suit was abandoned, the principal cause of the contract was destroyed, and the attorney, absent a clear fee agreement, could thereafter rely only on a quantum meruit or unjust enrichment recovery. See Robinson v. Bethay, 338 So.2d 969 (La.App. 4th Cir. 1976). Thus, the amount of the privilege enjoyed by this attorney must be determined according to the actual value of his services, not, as the court holds, the amount set forth in the contingency fee contract.
NOTES
[*] Chief Judge PAUL B. LANDRY, Retired, is sitting by assignment as Associate Justice Ad Hoc in place of Tate, J. upon this case.
[1] Civil Code art. 136 "... Separation from bed and board does not dissolve the bond of matrimony, since the separated husband and wife are not at liberty to marry again; but it puts an end to their conjugal cohabitation and to the common concerns which existed between them."

Civil Code art. 155 "... The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date on which the original petition was filed in the action in which the judgment is rendered, but such retroactive effect shall be without prejudice (a) to the liability of the community for the attorney fees and costs incurred by the wife in the action in which the judgment is rendered . . ."
[2] Case decided by this Court on October 8, 1979.