Dear Mr. Abadie:
This office is in receipt of your opinion request dated June 13, 1995. You ask whether the Clerk of Court, in order to cancel a judgment, is required not only to secure the consent of the person in whose favor the judgment runs, but also the consent of the attorney representing the party, when the judgment provides for an award of attorney's fees.
LSA-R.S. 9:326 mandates:
 The recorders of mortgages shall forthwith cancel and erase from their records any judgment or order in their office as provided in R.S. 9:325 upon the order of the person in whose favor said judgment or order was rendered or upon proper evidence showing payment in full by the person against whom said judgment or order was rendered. (Emphasis added.)
This provision requires that the recorder of mortgages (i.e, the clerk of court) is only required to obtain the consent of the person in whose favor the judgment was rendered. However, other statutory provisions provide protections to other parties in these instances.
There are two Louisiana statutes applicable to the privilege granted in favor of attorneys at law for the amount of their professional fees: LSA-R.S. 9:5001 and LSA-R.S. 37:218. LSA-R.S.9:5001 states:
 A. A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.
 B. The term "professional fees", as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.
In Olivier v. Doga, 384 So.2d 330 (La. 1980), the Louisiana Supreme Court stated that an attorney did not lose his attorney's fee privilege on the proceeds of a judgment by failing to file an affidavit or other notice of this privilege prior to the time the judgment was canceled. See, also, Neely v.Hollywood Marine, Inc., 530 So.2d 1116 at 1120. However, this does not impinge upon the client's right to cancel the judgment if the judgment was rendered in favor of him or her.
However, the attorney can further ensure the protection of his interests pursuant to LSA-R.S. 37:218, which provides:
 A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.
 B. The term `fee', as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association. (Emphasis added.)
Therefore, the attorney's privilege under LSA-R.S. 9:5001 is a first privilege priming the privilege of any seizing creditor.Roberts v. Hanover Insurance Agency, 338 So.2d 158,160 (La.App. 2 Cir. 1976). Moreover, no written contract or recordation thereof is essential for this privilege to come into existence. Id. All that is required is that the attorney assert his claim prior to the disbursement of the proceedings. Id.
However, this privilege does not provide the attorney with a concurrence right in the cancellation of a judgment. The only party whose authorization is needed for the cancellation of a judgment is that party or parties in whose favor the judgment runs. Nevertheless, the attorney can alter his client's exclusive authorization privilege by filing a stipulation contract pursuant to LSA-R.S. 37:218.
I trust this answers your questions. Should you need further assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/cf/pb
DATE RECEIVED:
DATE RELEASED: